The People, ex rel. The Brooklyn City Railroad Company, Appellant, *v.* The Board of Assessors of the City of Brooklyn et al., Respondents

The act of 1865 (Chap. 453, Laws of 1865), providing, where property has been omitted in an assessment-roll, for its assessment and taxation for the omitted year, in the year next succeeding, is to be construed in connection with the general system of taxation of which it forms a part, and so is not subject to the constitutional objection that it does not provide for notice or a hearing.

The relator. a corporation liable to taxation for State purposes under the act of 1880 (Chap. 542, Laws of 1880), was omitted from the assessment-roll by the assessors of the city of Brooklyn, where it was taxable, and no tax upon its personal property for city and county purposes was imposed for that year. In 1881 it was assessed for that year, and, in addition, for the omitted year, under said act of 1865, the valuation for the year 1879 being taken. Notice was given as prescribed by the statute also calling attention to the laws of both years. *Held,* that the act of 1865 was adjustable to the change made by the act of 1880, and that the assessment was valid.

(Submitted May 4, 1883 ; decided May 11, 1883.)

Appeal from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made September 12, 1882, which affirmed an order of Special Term dismissing a writ of *certiorari* brought to review the proceedings of the board of assessors of the city of Brooklyn and of the board of supervisors of the county of Kings in assessing in 1881 a tax for the year 1880 for city and county purposes upon the personal property of the relator.

The material facts are stated in the opinion.

*Benjamin K. Silliman* for appellant. The assessors, having made no assessment on the relator in 1880 for that year, could not in 1881 assess and impose a tax on it for 1880. (Laws of 1865, chap. 453, §§ 1, 2, p. 818 ; *People* v. *Goff*, 52 N. Y. 434.)

*John A. Taylor* for respondents. The capital stock and personal property of the relator having been liable to taxation

for city and county purposes for the year 1880, and having been omitted from the assessment-roll of that year, it became the duty of the assessors, upon the application of three tax payers, to enter said property in the assessment-roll of the year 1881. (*People, ex rel. Oswald,* v. *Goff,* 52 N. Y. 434.)

Finch, J. The relator was a corporation, to which the law of 1880 (Chap. 542) applied, and liable to taxation under its provisions. The assessors of Brooklyn, through an erroneous construction of the law (*People, ex rel. Westchester Fire Ins. Co.,* v. *Davenport,* 91 N. Y. 574), treated the relator as exempt from taxation for city and county purposes upon its personal property for the year 1880 and omitted to assess it. In 1881 the mistake was discovered; the relator was assessed for that year, and in addition for the omitted year under the provisions of the act of 1865 (Chap. 453). The relator sued out a writ of *certiorari* to test the validity of that assessment. The only open questions are the construction of the act of 1865, and its constitutionality. By the first section the assessors are required to enter the omitted property at the valuation of the year of omission, or, if not then valued, at the valuation of the preceding year, and in a separate line on the roll, upon the application of any three tax payers. Then section second provides that the board of supervisors, on the petition of the assessors, "shall proceed to levy a tax on the same at the rate per cent of tax imposed upon land or property in said town, city or ward in the preceding year." It is now claimed that these provisions cannot be adjusted to the new legislation; that the relator having already paid the State tax of 1880 must be assessed at the rate per cent of that year or not at all; and since such rate per cent was founded on an aggregate which included the State tax, it is impossible to apply it to a case in which the State tax cannot be included because it has been paid. The difficulty does not seem to us serious. The rate per cent of 1880 consisted really of three several rates per cent, one for the city, one for the county, and one for the State, aggregated for convenience, but easily separable whenever

necessary. The valuation of the property assessed for the year remained a constant factor, while the several amounts to be raised for the three different purposes varied greatly. It was, therefore, as easy to ascertain the rate per cent of the city and county taxes by themselves as such rate when aggregated with the State tax. And when the relator was charged with its proportion of the city and county tax at the same rate imposed upon other property, the precise purpose of the law was accomplished, and it was easily adjusted to the change made by the law of 1880.

The constitutional objection raised to the act of 1865 is that it does not provide for notice or a hearing. It must be read and construed in connection with the general system of which it forms a part. If the property was valued in 1880 there was notice and opportunity to be heard provided by the law. If not then valued the assessors are required to enter the valuation of the preceding year. That, of course, was made upon notice. But the valuation of 1879 might not be identical with the proper value of 1880. Still, notice was required to be given in 1881. We must assume it was given. It warned everybody that the assessors had finished their rolls and they were open for examination. It was the privilege and the duty of this relator to see what they had done and object if any thing was wrong. As matter of fact the notice was given. It was specific and particular. It called attention to the taxes of both years. It does not appear that any objection was made to the valuation as applied to 1880. Probably the value in that year was greater than in 1879, and if so, the relator was certainly not harmed. The statute provided for notice; it was given; and no objection was made to the valuation. If it had been, a question might have been raised as to the right of the assessors to make a correction according to the facts shown. Even if they could not, if their duty to enter the property at a fixed valuation taken from a previous assessment-roll, was not only purely ministerial (*People, ex rel. Oswald,* v. *Goff,* 52 N. Y. 434), but so fixed and absolute as to exclude correction, which may be doubted, still the requirement of notice would not be violated

so as to annul the act of 1865. Public notice was given in 1880 as required by law. The relator had opportunity to know that its personal property was not valued for that year, and was bound to know that if not so valued then it might be entered the next year at the valuation of 1879. If it was not satisfied with that, because of an actual decrease of value, its duty was to object to the omission and show the real value. Not doing so it must be held to have accepted the valuation of 1879 as, at least, no larger than the actual fact in 1880. It cannot be said, therefore, that the act of 1865 requires that the property of the relator be taken without notice or an opportunity to be heard.

The judgment should be affirmed, with costs, not exceeding $50 and disbursements.

All concur.

Judgment affirmed.