MARGARET HATZUNG, Respondent, *v.* THE CITY OF SYRACUSE and PATRICK R. QUINLAN, Appellants.

92  203
35ap155
92h    203
66 AD¹305

*Municipal corporation — defects in assessment proceedings — curative laws — notice to the property owner essential in all cases.*

The general rule concerning statutes which are designed to cure defects in assessments for municipal improvements is that if the thing omitted, constituting the defect in question, is something which the Legislature might have dispensed with in the previous statute, it may do this by a subsequent one. If the irregularity consists in doing some act, or in doing it in a manner, which the Legislature could, by the prior statute, have made immaterial if it had so elected, it may cure the defect by a later one.

To this extent the Legislature may ratify the contract of a municipal corporation which has been made for a public purpose, and it may establish and confirm municipal ordinances and proceedings which were irregularly adopted or instituted in the first instance.

Where a property owner has had actual notice of the assessment and an apportionment of the assessment among the owners of the property affected, and has been afforded an opportunity to appear and question as well the validity of the assessment as the proportion of it which he should pay, and no statutory requirements have been disregarded which might not have been lawfully omitted from the

statute authorizing the proceeding, it is within the power of the Legislature to pass an act ratifying and confirming the assessment made, and imposing the tax under it, upon the property affected, in accordance with the assessment as made.

APPEAL by the defendants, The City of Syracuse and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Onondaga on the 8th day of April, 1895, upon the decision of the court rendered after a trial at the Onondaga Special Term.

*Charles E. Ide,* for the appellants.

*Knapp, Nottingham & Andrews* and *W. S. Andrews,* for the respondent.

PER CURIAM:

The purpose of this action was to vacate and set aside a local assessment upon the property of the plaintiff which fronts upon East Water street in the city of Syracuse. Proceedings were instituted to pave that street, under and in pursuance of which the city entered into a contract therefor. The work was performed by the contractors, and to pay for it the assessment in question was made.

The plaintiff contends that the proceedings which resulted in the assessment were irregular in the following particulars: (1) That the resolution directing the city clerk to advertise for bids did not become operative until signed by the mayor four days after the publication of notice to contractors was commenced; (2) that such notice was not published in the official newspaper of the city for the length of time required by the statute; (3) that the specifications were not prepared in time, a portion of them not having been completed until two days before the proposals were to be received; (4) that the contract was not let to the lowest bidder; and (5) that the assessment covered work for which no contract was made.

The court at Special Term discussed all these questions, but based its decision upon the sole ground that the contract was not let to the lowest bidder.

The appellants contend that the court erred in setting aside the assessment, and insist that there were no such irregularities in the proceedings as to render them ineffectual or void. To uphold the

proceedings and as a ground for the reversal of the judgment, they also rely upon a statute subsequently passed (Chap. 817, Laws 1895), which so far as it applies to the assessment under consideration provides: "Section 1. All and each of the assessments heretofore made and levied for grading, paving, repaving and improving the several streets, avenues and portions thereof in the city of Syracuse, more particularly described as follows, to wit: Crouse avenue, from Water street to University place; East Water street, from Warren street to Pine street; * * * are and is hereby in all respects ratified, confirmed and declared legal, and the same shall be enforced and collected in the manner prescribed by law for the collection and enforcement of assessments made and levied in said city of Syracuse for local improvements. * * * § 3. No assessment or tax heretofore or hereafter assessed, made or levied for any improvement as heretofore referred to and provided, shall be in any manner impaired or rendered illegal, invalid or uncollectible because of any omission or irregularity, not fraudulent, preceding or attending the making, execution and performance of the several contracts for such work and improvements."

The respondent practically concedes that this appeal must be decided upon the law as it stands at the time the decision is rendered, and that the foregoing statute is a public one, of which the court must take notice. She, however, seeks to uphold the judgment upon the ground that this curative statute violates that provision of the Constitution which prohibits the taking of property without due process of law, and is, therefore, void. That this statute, if constitutional, is sufficiently broad to validate the assessment against the plaintiff's property is not denied, and, hence, the sole question upon this branch of the case relates to the constitutionality of such statute.

The earlier cases in this State relating to the constitutionality of such curative statutes seem to establish the doctrine that assessments for municipal improvements are a species of tax, the imposition of which is within the power of the Legislature and unlimited, except as specifically restrained by the Constitution, and that where an assessment for municipal improvements is irregular, the Legislature itself, without notice to the persons assessed, may make the assessment, or may authorize a reassessment. (*Matter of Van Antwerp,*

56 N. Y. 261; *Howell* v. *The City of Buffalo*, 37 id. 267; *The People ex rel. Griffin* v. *Mayor, etc.*, 4 id. 419; *Thomas* v. *Leland*, 24 Wend. 65.)

The respondent practically concedes that if these authorities are to be followed, the curative statute under consideration was valid, and the judgment herein should be reversed. She contends, however, that the authorities cited have been modified, if not overruled, by subsequent cases, and, as sustaining that proposition, refers to the cases of *Stuart* v. *Palmer* (74 N. Y. 183); *Matter of Trustees of Union College* (129 id. 308); *Cromwell* v. *MacLean* (123 id. 474); *McLaughlin* v. *Miller* (124 id. 510); *People ex rel. Pulman* v. *Henion* (64 Hun, 471); *Remsen* v. *Wheeler* (105 N. Y. 573), and *Ensign* v. *Barse* (107 id 329). In the *Stuart* case, which involved the validity of a statute imposing an assessment for local improvements which in no way provided for a notice to the persons who were to be assessed, or for an opportunity for them to be heard, it was held that the statute was unconstitutional, as it had the effect to deprive the owner of his property without due process of law. In that case it was said : " The Legislature may prescribe the kind of notice and the mode in which it shall be given, but it cannot dispense with all notice." Assuming the correctness of this decision, and that it has the effect of modifying the earlier cases, still it is not controlling in this case. In that case no provision whatsoever was made for notice to the owner; in this the statute provided for notice to the owners, and gave them ample opportunity to appear and to be heard upon the question of their assessment. After they had that opportunity, and the proceedings in other respects were found to be informal and irregular, the Legislature passed a curative act confirming and legalizing the assessment thus made. Therefore, the case at bar is clearly distinguishable from the *Stuart* case.

The *Matter of Trustees of Union College* involves substantially the same principle as that decided in the *Stuart* case, and holds that the Legislature could not validate an act which was invalid because it provided for the apportionment of a tax without notice by simply re-enacting the act. In that case, as in the *Stuart* case, there was no notice whatsoever.

In the *Cromwell* case it was held that where proceedings are so defective as to result in no valid assessment, and where a sale

made under it conveys no title, thus leaving in the original owner his title or interest unimpaired, the Legislature has no power to validate the sale and thus transfer such title to the purchaser at the tax sale. In the opinion in that case it was in effect said that the Legislature had large powers in curing defects in such proceedings as this, and that where in the proceedings the owner has had an opportunity to be heard before the tax was imposed, but defects have been discovered in the proceedings, if the defect is of such a nature that the Legislature might have dispensed with it, or if something had been done which the Legislature might have made immaterial, the omission or irregular act might be cured by a subsequent statute (*Ensign* v. *Barse*, 107 N. Y. 329), and that such an act might take away from a taxpayer a defense to the further proceedings against him to collect the tax which he otherwise would have had. (*Tifft* v. *City of Buffalo*, 82 N. Y. 204.)

The *McLaughlin* case is to the effect that where the duty of apportioning the expense of a municipal improvement by assessment is devolved upon any board or officers, some provision for notice to the property owners is essential, otherwise they would be deprived of their property without due process of law.

The cases of *People ex rel. Pulman* v. *Henion* (64 Hun, 471) and *Remsen* v. *Wheeler* (105 N. Y. 573) are to the same effect.

In the *Ensign* case there was an omission of the dollar mark in the statement in the tax roll and warrant of the amount of a tax; the assessment roll was not signed by the assessors, but the certificate referred to it as an assessment roll; in the certificate of valuation the words "solvent creditor" were used instead of "solvent debtor;" in the assessment for a highway tax, the number of the road district or the date of the commissioners' warrant was not given; and the county treasurer's notice of sale was not delivered the first of September as required by statute, but the notice was dated September fifteenth. And yet it was held in that case that none of these defects was jurisdictional. After a reargument the court discussed the question of jurisdictional defects, stating that in its former opinion the defects were not deemed jurisdictional in any other sense than the modified one of an essential condition under the law as it stood, and then added: "Whether it was so jurisdictional as that the Legislature could not have dispensed with

it, and, therefore, could not cure its omission, is a very different inquiry.   A defect may be in one sense jurisdictional relatively to the authority of the assessors acting under an existing law, and yet not so as it respects the power of the Legislature to pass a statute curing the defect."   We find in these cases no principle that would justify us in upholding the judgment herein, but, on the contrary, they are all consistent with, and tend to sustain, the validity of the statute under consideration.

An examination of the authorities bearing upon the question renders it quite manifest that the Legislature had authority to validate the proceedings under consideration.   The general and established rule in relation to curative statutes seems to be that if the thing omitted, which constitutes the defect sought to be removed, is something which the Legislature might have dispensed with by a previous statute, it may do so by a subsequent one.   If the irregularity consists in doing some act or doing it in the mode which the Legislature might have made immaterial by a prior statute, it may do so by a later one.   It may thus ratify a contract of a municipal corporation for a public purpose and establish municipal ordinances and proceedings irregularly adopted or instituted.   (Sutherland on Statutory Construction, § 483; Dillon on Municipal Corporations [4th ed.], § 79; *Matter of Delaware & Hud. Canal Co.*, 60 Hun, 204; *Brewster* v. *City of Syracuse*, 19 N. Y. 116; *Town of Duanesburgh* v. *Jenkins*, 57 id. 177; *Brown* v. *Mayor, etc.*, 63 id. 239; *People ex rel. Kilmer* v. *McDonald*, 69 id. 362; *People ex rel. B. C. R. R. Co.*, v. *Board of Assessors of Brooklyn*, 92 id. 430; *Grenada County Supervisors* v. *Brogden*, 112 U. S. 261, 271; *Anderson* v. *Santa Anna*, 116 id. 356, 364; *Bolles* v. *Brimfield*, 120 id. 759, 762.)

That the Legislature might have dispensed with all the requirements that were not complied with in the proceedings under consideration, we have no doubt.   This is hardly disputed by the respondent.   Her principal insistence is that as the curative statute under consideration did not provide for a reassessment with notice to the owners, it falls within the doctrine of the cases requiring notice, and is consequently invalid.   We think this insistence cannot be sustained.   The purpose of this statute was to validate the assessment, and the Legislature by the passage of that act in effect

adopted the apportionment and assessment previously made, and imposed the tax upon the property affected in accordance with such previous assessment. That it might do this seems to be sustained by the cases of *Lennon* v. *Mayor, etc.* (55 N. Y. 361, 367); *Cromwell* v. *MacLean* (123 id. 474, 490), and *Tifft* v. *City of Buffalo* (82 id. 204, 210). In the latter case, FOLGER, Ch. J., said : "Where there was municipal jurisdiction of the subject-matter, and the defects in the exercise of it are irregularities in the mode of procedure, it is within the legislative discretion to adopt and confirm the result of the informal act, or to send back the matter to the municipality, with power to begin again and go forward in the mode prescribed by the original authority."

It is manifest from the evidence in this case that the plaintiff had notice of the assessment and apportionment of the tax among the owners of the property fronting upon the street in question, and thus had an opportunity to appear and question the validity of the assessment as well as the proportion she should pay. It is also manifest that the omissions in the proceeding were clearly such as, within the authorities, the Legislature might validate. It may be that the requirements of the statute as they existed before the passage of the curative act were not sufficiently complied with to render the proceeding regular and valid, and yet, as the officers of the city had jurisdiction of the subject-matter, and the defects were such that the Legislature might have passed a statute authorizing their omission, they were not so far without jurisdiction as to prevent the Legislature from validating them. By the curative act the Legislature has made that legal which was perhaps originally without sanction, and thereby rendered the assessment against the plaintiff valid.

These considerations lead us to the conclusion that the curative statute under consideration was valid, and that the judgment should be reversed.

Present — HARDIN, P. J., MARTIN and MERWIN, JJ.

Judgment reversed, without costs to either party.