(35 App. Div. 151.)

### JONES v. TOWN OF TONAWANDA et al.

(Supreme Court, Appellate Division, Fourth Department.   December 9, 1898.)

1. HIGHWAY IMPROVEMENTS—ASSESSMENTS—TOWN COMMISSIONERS—STATUTES—REPEAL.

   Acts 1895, c. 816, creating a board of town commissioners, with power to make assessments, for highway improvements, does not repeal Acts 1893, c. 550, conferring similar powers on the town of Tonawanda.

2. SAME—CONSENT OF ABUTTERS.

   A petition, signed by abutters, for the improvement of a highway, is not a consent to such improvement, within Acts 1893, c. 550, empowering town commissioners of Tonawanda to order such improvement, and levy assessments therefor, on procuring the consent of abutters.

3. SAME—UNAUTHORIZED ASSESSMENT.

   An assessment levied by the board without such consent is unauthorized and void.

4. SAME.

   Acts 1895, c. 816, § 27, conferring on a town board thereby created, power to make assessments for improving a highway that had been improved "under any law providing for the assessment of the expense of such improvement locally," does not enable such board to make assessments for improvements illegally ordered by the town of Tonawanda, under Laws 1893, c. 550, without procuring the required consent of abutting owners.

5. APPEAL—PREMATURE ACTIONS—PLEADING.

   An appellant cannot object that an action was prematurely brought, where he stated no such defense in his answer.

   Ward, J., dissenting.

Appeal from judgment on report of referee.

Action by Joseph T. Jones against the town of Tonawanda, in Erie county, and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Appeal from a judgment entered in Erie county upon the report of a referee. Action to set aside two assessments upon the lands of the plaintiff described in the complaint. The judgment is to the effect that the assessment levied under chapter 550 of the Laws of 1893 by the defendant town on or about the 28th of September, 1894, upon the plaintiff's premises, for $10,651.54, is "wholly invalid, null, void, and of no force and effect," and also that the assessment for the sum of $10,436.81 levied by the defendant town on the 12th of August, 1895, in pursuance of the provisions of chapter 816 of the Laws of 1895, upon the plaintiff's premises, "is wholly null, void, and of no effect." and that each of the said assessments "be, and the same are hereby, vacated, canceled, annulled, and set aside"; and the judgment also contains a clause restraining the defendants from attempting to collect either of the said assessments, and awards costs in favor of the plaintiff. The learned referee accompanied his report with a very clear and full opinion, discussing the principal questions involved in the case.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, and WARD, JJ.

John Cunneen, for appellants.
Ralph Kellogg, for respondent.

HARDIN, P. J. There is nothing found in the title of the act of 1895 (chapter 816) indicating an intention to repeal chapter 550 of the Laws of 1893. Nothing is found in the act of 1895 expressly repealing, modifying, or altering the act of 1893. The act of 1893 related to the town of Tonawanda. It provided for the issuing of bonds, in certain contingencies, to raise money to defray the expenditures made in the improvement of highways. The act of 1895 (chapter 816, § 27) provides that where highways have been improved, and expenditures made, and bonds issued to provide for the expenditures, the board of town officers created by the act of 1895 shall have power to "cause to be assessed the entire expense of the improvement aforesaid upon the several lots or parcels of land fronting or bounding upon that part of the highway so improved as aforesaid, and in the manner provided by this statute for making local assessments for raising the expenses of grading and paving of streets; and pursuant to the rules of apportionment and division of the expense herein provided." The section further provides that, when bonds shall have been sold "to obtain money for the purpose of making said improvement, said assessments shall be so made by said board as to become due and collectible at the times and in the amounts necessary for the payment of said bonds as they shall become payable, principal and interest." The act of 1895 provides a mode of assessment conferring power upon the board created by that act. The mode prescribed is stated in section 28.

The views expressed by the learned referee in his opinion, to the effect that the act of 1895 does not repeal the act of 1893, seem to be reasonable and satisfactory, and to accord with authorities bearing upon the subject. Lewis v. City of Syracuse, 13 App. Div. 587, 43 N. Y. Supp. 455; Casterton v. Town of Vienna, 17 App. Div. 94, 44 N. Y. Supp. 868.

The views expressed by the learned referee in his opinion seem to fully warrant the finding made by him to the effect that the petition presented to the board under the act of 1893 cannot be treated as a consent of the owners which the act seems to require.    The act provides for a preliminary order, and the initiation of proceedings, and that after the order thus provided for has been issued there shall be an opportunity given for obtaining consents; and the language of the act seems to contemplate that the consents are to be given subsequent to the determination made, as evidenced by the order made by the board.    The order and determination of the board would indicate the extent of the improvement, and the manner of its being accomplished, and the materials to be used; and the general language of the act would seem to indicate that the consents were to be given after the preliminaries had been considered, and the board had formulated in its order the details in respect to the proposed improvement.    Excluding the petition, and considering only the formal consents that were obtained after the making of the preliminary orders by the board, it is quite apparent that one-half of the entire frontage of lands on said street was not obtained.    The board, in laying the assessment of 1894, acted, therefore, without the requisite consents,—without jurisdiction.    It seems to follow, therefore, that the assessment of 1894 was invalid.    We are, therefore, brought to inquire whether the assessment made in virtue of the act of 1895 can be upheld.

Section 28 of the act of 1895 provides that:

"No new highway shall be laid out or worked, no highway or part of highway shall be paved or macadamized * * * except upon the written petition of the owners of real estate fronting or bounding upon either side of the proposed highway or of the highway or part of highway to be paved, repaved, macadamized or remacadamized * * * to the extent at least of one-half of the entire frontage or bounds on both sides of said street, or part of street aforesaid."

It is contended by the appellants that the language in section 27 of the act of 1895 conferred power upon the board created by that act to levy an assessment, and that its action in levying an assessment should be sustained.    In section 27 it is provided that when a highway has been paved, or otherwise permanently improved, "under any law providing for the assessment of the expense of such improvement locally," the highway shall be subject to the control of the board created by the act of 1895; and power is given to lay the expense of such improvement upon the several lots or parcels of land fronting or bounding upon that part of the highway so improved.    The paving or permanent improvement in question was not done "under any law."    There being no jurisdiction obtained by the requisite consents, it cannot be said the work was done "under any law."    People v. City of Brooklyn, 71 N. Y. 495.    In section 28 of the act of 1895 it was expressly provided that no new highway shall be laid out, "except upon the written petition of the owners of real estate fronting or bounding upon either side of the proposed highway * * * to the extent at least of one-half of the entire frontage or bounds on both sides of said street."    With this limitation in the act as to new work, it is not easy to impute to the legislature, by the use of the words found in section 27, to which reference has

been made, an intention to authorize an assessment for work done without any authority of law, not under any law, but by a town board acting under a pretended compliance with the act of 1893, but wholly unauthorized by that act,—without any jurisdiction to inaugurate and carry on the work. The expenses thus unauthorized cannot be said to have been done in such a mode as to come within the limited language of the act of 1895. Inasmuch as the work was not sanctioned by the legislative act, there can be no intention imputed to the legislature to dispense with consents. The case differs from Hatzung v. City of Syracuse, 92 Hun, 203, 36 N. Y. Supp. 521. July 19, 1895, a special meeting of the board created by the act of 1895 passed a resolution which authorized the assessment of the expense of the work of 1893. By the terms of the resolution, it is apparent that the board supposed the work, and expense referred to, had been done in virtue of the provisions of the act of 1893; but as the proceedings of the board of 1893 were without jurisdiction, and void, for want of the requisite consents, the assumption was unauthorized. The failure to obtain the consents authorized by the act of 1893 cannot be regarded as a mere irregularity. The board was without power and jurisdiction. The rule as to defects which do not affect the jurisdiction is discussed in Ensign v. Barse, 107 N. Y. 329, 14 N. E. 400, and 15 N. E. 401, and restated and explained in People v. Turner, 145 N. Y. 454, 40 N. E. 400.

It is claimed by the appellants that this action is prematurely brought. We find no such defense stated in the answer.

The learned referee has prepared a careful opinion, and, so far as it relates to the questions above discussed, it merits approval.

Judgment affirmed, with costs.

FOLLETT and ADAMS, JJ., concur. WARD, J., dissents.