PEOPLE ex rel. CENTRAL HUDSON GAS & ELECTRIC CO. v. STATE
BOARD OF TAX COM'RS.

(Supreme Court, Appellate Division, Third Department.  January 18, 1916.)

1. TAXATION ☞493—ASSESSMENTS—REVIEW—WAIVER.

No officer of the state can waive the requirements of Tax Law (Consol.
Laws, c. 60) § 46, requiring petitions to review special franchise assess-
ments to be filed within 15 days after completion of the roll and notice
thereof.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 876–883; Dec.
Dig. ☞493.]

2. TAXATION ☞493—ASSESSMENTS—CERTIORARI—LIMITATION—ESTOPPEL.

A corporation entered into an adjustment with the city concerning its
special franchise assessments for several years, including 1911, represent-
ing to the city that the Attorney General's office had waived the institu-
tion of certiorari proceedings within the statutory time to question the
assessment for 1911.  When the papers for judgment were mailed to the
Attorney General, he caused judgment to be entered for other years, but
refused to enter judgment for the taxes of 1911 on the ground that no liti-
gation was pending involving that year.  Held that, notwithstanding the
settlement was made on the basis of the several years' assessment, in-
cluding 1911, the corporation could not claim that the Attorney General,
by causing judgment to be entered on the settlement, was estopped from
objecting that certiorari thereafter brought to review the assessment
of 1911 was not instituted within the time permitted by statute.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 876–883; Dec.
Dig. ☞493.]

Lyon and Howard, JJ., dissenting.

Appeal from Special Term, Albany County.

Certiorari by the People, on the relation of the Central Hudson Gas
& Electric Company, against the State Board of Tax Commissioners.
From an order denying a motion to quash the writ, respondent ap-
peals.  Order reversed, and writ dismissed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOOD-
WARD, and COCHRANE, JJ.

Egburt E. Woodbury, Atty. Gen. (C. R. McSparren, Deputy Atty.
Gen., of counsel), for appellant.

Frank B. Lown, of Poughkeepsie (Harry C. Barker, of Pough-
keepsie, of counsel), for respondent.

JOHN M. KELLOGG, P. J.  [1] The writ of certiorari was issued
March 27, 1915, to review a special franchise assessment where the
roll was completed and filed and notice thereof given September 15,
1911.  The statute in force at the time (section 46 of the Tax Law)
required that the petition for a certiorari to review this assessment
must be filed within 15 days after September 15, 1911.  The petition
was filed several years too late.  No officer of the state can waive this
jurisdictional question, and the court has no power to review the as-
sessment unless the statutory proceeding is observed.

[2] The motion of the Attorney General to dismiss the writ has
been denied, apparently for the reason that in some way the Attorney

General's office had waived the statutory provision, or was estopped from relying upon it. The contention of the respondent that by practice with the Attorney General's office in former years the attorney had been led to believe that a certiorari to review an assessment might be brought at substantially any time, although the statutory period had expired, is not relevant. It is conceded that no such understanding was had with reference to the assessment in question. The fact, if it is a fact, that some Attorney Generals at some former time may have adopted a loose practice with the attorney in some particular case, and may have permitted a review of an assessment where the writ was allowed after the statutory time, does not establish a rule which is binding upon the office, or which the attorney has the right to rely upon in future cases. The affidavits indicate that the relator's counsel made timely petition for the writ to review the assessment of 1910, and that he directed his assistant to institute timely proceedings for a review of the assessment of 1911. The fact that proceedings were not begun in time resulted, therefore, from a neglect in the attorney's office, and not on account of any supposed understanding or previous practice with the Attorney General's office. The city of Poughkeepsie was principally interested in sustaining the assessment, and the Attorney General's office left the details of the proposed adjustment principally with the city, and naturally assumed that the assessment for the year 1911, as well as for the years 1910 and 1913, was under review by certiorari proceedings properly instituted, and that the settlement covered the assessments for the three years; the assessment for the year 1912 having been adjusted by a judgment which in a way formed the basis for the settlement for the other years. In fact, no proceeding to review the assessment for 1911 was pending, and the liability of the respondent had been conclusively fixed, and its counsel knew that fact before the settlement was made. He informed the special counsel for the city, when the negotiations were entered upon for a settlement with it:

"That while no papers in the year 1911 action had been prepared and no certiorari issued for that year, that he had an arrangement with the Attorney General's office by which the action was considered by them as having been started."

This statement was not accurate, although influenced perhaps by the fact that upon some occasion in former years an Attorney General had permitted loose practice with him in some particular cases. The city, however, made the settlement relying upon that statement. When the settlement and the papers for judgment were mailed to the Attorney General, he caused the judgments to be entered for the 1910 and 1913, but declined to enter judgment for the 1911, assessment, upon the ground that no litigation was pending with reference thereto.

The relator contends that the entry of these judgments by the Attorney General, after he knew that no proceeding was pending to review the 1911 assessment, estops him from making a motion to dismiss the writ, and in some way permits a certiorari to issue. The contention is that by the settlement the respondent receives no interest upon the excess of taxes it had paid for 1910 and 1913, and it was

precluded from questioning the assessed valuation for those years; the settlement only providing a reduction of 15 per cent. to equalize the assessed value with the other assessed values in the city. The details of the assessment for the various years and the settlement agreement are not before us, and we cannot determine whether the respondent has been prejudiced by the entry of judgments. If the judgments were improperly entered, the respondent's remedy was to move to vacate them, and to revive the litigations which had been settled by the agreement, and not to seek a review of an assessment which the circumstances prevent the court from reviewing.

The confusion arises from the respondent's mistake. The respondent's inaccurate statement as to the condition of the 1911 assessment misled the counsel for the city, and evidently the acts of the respondent and of the counsel for the city misled the Attorney General. The respondent, by the settlement, was obtaining the reduction of an assessment which had already been conclusively fixed, and it has suffered no loss by the discovery of the fact that it is not in a position to obtain that benefit. If it has been aggrieved by the action of the Attorney General in entering the judgment, its remedy is elsewhere. There is no authority at law for the issuing of a certiorari to review an assessment where the petition is filed several years after the assessment is made.

The order appealed from should therefore be reversed, with costs, and the order dismissing the writ of certiorari should be granted, with costs.

WOODWARD and COCHRANE, JJ., concur. LYON and HOWARD, JJ., dissent.

<hr>