OSWEGO FALLS CORPORATION, Plaintiff, *v.* CITY OF FULTON and
and Others, Defendants.

Supreme Court, Oswego County, March 4, 1933.

*William S. Hillick* [*H. Duane Bruce* and *Gerald H. Henley* of counsel], for the plaintiff.

*Don Carlos Buell, Corporation Counsel* [*Clarence R. King, C. V. Riffenbary* and *Lyle W. Hornbeck* of counsel], for the defendants.

DOWLING, J. The city of Fulton was incorporated under chapter 63 of the Laws of 1902. Several villages united to form the corporation known as the city of Fulton. On account of the existence of bonded indebtedness, the city was divided into two tax districts, the one on the east side of the Oswego river was designated as the " east tax district " and the one on the west side as the " west tax district."

The plaintiff is a manufacturing corporation owning real property in both districts, which is situate on said river. It has riparian rights in the flow of said stream.

In the years 1926 to 1930, inclusive, the assessors of the city of Fulton assessed plaintiff's property in the east tax district at $1,154,738, and in the west tax district at $701,438. The property in the west tax district consists of land in the bed of the Oswego river and a hydraulic power plant.

In each of said years, excepting 1930, plaintiff, on grievance day, appeared before the assessors of the city of Fulton, sitting as a board of review, and complained of the assessments and filed with said assessors statements under oath specifying the respects in which said assessments complained of were incorrect, claiming that said property was assessed in excess of its actual value and higher in proportion than other similar property in the city of Fulton and higher in proportion than property generally in the said city. The assessors considered the objections and declined to reduce the assessments in said years.

In the years 1926–1929, inclusive, and within fifteen days after completion and filing of the assessment rolls and the first posting or publication of the notice thereof, plaintiff instituted certiorari proceedings in the Supreme Court to review the action of said assessors. Proper service was made upon the assessors and they made return to the orders of certiorari. Each of said proceedings was referred to Hon. Irving R. Devendorf, as official referee.

Before the proceedings came on for trial, the plaintiff and the defendants therein opened negotiations for an adjustment of said proceedings. On the 13th of July, 1931, the parties entered into an oral agreement, pursuant to which, on the 13th day of July, 1931, the common council of the city of Fulton adopted the following resolution:

" WHEREAS, there has been pending against the City of Fulton, certiorari actions by the Oswego Falls Corporation, Victoria Paper Mills, Hunter Arms Company, Foster Brothers Chatillon Company, Arrowhead Mills until 1928, when said property was purchased by the Valley Improvement Corporation, from which said time the actions have been maintained by the Valley Improvement Corporation, and

" WHEREAS, It is the opinion of the Council that said actions should be compromised and settled, be it therefore

" *Resolved,* that the assessment of the Oswego Falls Corporation for water power in the east side tax district for the years 1926 to 1931, inclusive, be reduced to the sums of $477,588 and for the west tax district to the sum of $477,588 and the real estate for the west side to $75,000. * * *

" Be it further *Resolved*, that the city attorney take such proceedings as may be necessary to accomplish such reductions."

Pursuant to said agreement and resolution, per stipulation of the parties, findings were made by the referee to the effect that the water rights in the east tax district should have been assessed in the sum of $477,588 and in the west tax district in the sum of $477,588, plus an assessment of $75,000 on other real estate in said west tax district, and final orders in said proceedings were entered directing that the assessments be so reduced.

In the year 1930 plaintiff did not protest the assessments on said property on grievance day and did not institute certiorari proceedings for a review of the same.

In 1931 taxes were extended on the assessment rolls of the city of Fulton against all the property of the plaintiff in said city as follows: East tax district, $68,261.57; west tax district, $31,419.31.

Pursuant to the above resolution, plaintiff paid to the chamberlain of the city of Fulton, upon the 1931 taxes, in both districts, as follows:

| | | |
|---|---:|---:|
| February 18, 1931 | $27,956 | 31 |
| August 11, 1931 | 54,948 | 78 |
| March 1, 1932 | 2,478 | 89 |
| Total | $85,383 | 98 |

Plaintiff claims an overpayment on the 1931 taxes of $2,983.77, representing fees unlawfully collected by the city chamberlain.

According to the defendants, the common council had no authority to reduce the 1930 assessment; therefore, the plaintiff must pay the full amount of said assessment, plus fees and penalties. Defendants claim that amount to be $23,486.54, being $19,168.78, unpaid tax, and $4,317.76, unpaid interest and penalties.

Plaintiff declined to pay the balance of the 1931 assessment, whereupon, the chamberlain of the city of Fulton issued to the defendant Bray, under the seal of the city of Fulton, the following warrant:

" CITY OF FULTON, NEW YORK

" WARRANT FOR LEVY AND SALE OF PERSONAL PROPERTY FOR UNPAID TAXES

" *To any Police Officer of the City of Fulton, N. Y.*

" You are hereby commanded to levy on any personal property in the City of Fulton, or in the County of Oswego, belonging to

OSWEGO FALLS CORPORATION

or in his or her possession on the premises assessed, the sum of $59,407.71, being the amount of tax assessed together with accrued

fees, in said City of Fulton, N. Y., together with your Fees and Expenses of collection, and cause the same to be sold at public auction for the payment of such tax and fees and expenses of collection.

" And you will return the proceeds thereof, together with this warrant, to the undersigned, the City Chamberlain of Fulton, N. Y., within fifteen (15) days from the date hereof.

Dated, FULTON, N. Y., the 19th day of Oct., 1932.

" L. C. FOSTER,

" *City Chamberlain.*"

The defendant Bray thereupon levied upon personal property of the plaintiff, consisting of bottle cap board and various kinds of sulphite paper, inventoried at $80,000, and threatened to sell same in payment of said tax bill. Whereupon, plaintiff instituted this action and prayed for the following relief:

" 1. Declaring the rights and legal relations of the parties hereto in relation to the liability of the plaintiff for the taxes herein mentioned and the right and authority of the said City or the Chamberlain to enforce collection thereof, the liability of plaintiff for fees on said taxes and penalties thereon, as to the validity and legality of said tax warrants, as to the legality and validity of said warrant delivered to the defendant Michael Bray, the power and authority of said City Chamberlain to issue same and the power and authority of said Michael Bray to levy thereunder and the validity of the levy made thereunder.

" 2. Declaring that defendant City of Fulton and the officers thereof are estopped from enforcing the payment of the unpaid balance of said taxes extended against property of the plaintiff for the year 1931.

" 3. Declaring that the plaintiff is not liable for any fees or penalties on said taxes for the years 1931 and 1932 and that any moneys credited by said City Chamberlain on account of fees or penalties on such taxes should be credited on account of such taxes.

" 4. Enjoining the defendant from any proceeding for the collection of the balance of said taxes for 1931 extended against the property of plaintiff.

" 5. Enjoining the defendant Michael Bray from any levy or sale of property of plaintiff under said warrant delivered to him.

" 6. Such other and further relief as may be just and equitable in the premises."

Defendants appeared and interposed an answer and an amended answer, denying that the city of Fulton is estopped from enforcing payment of the balance of the 1931 tax and alleging that the attachment of the seal of the city upon the tax warrants validated them

from the date of their issue and, as a result, bound plaintiff upon failure to pay the tax within the prescribed time, to pay the fees and penalties as provided by the charter of the city of Fulton, and alleged that plaintiff has an adequate remedy at law, and prayed for judgment that the taxes for the city of Fulton for the years 1931 and 1932 be declared valid and binding upon the plaintiff, that the complaint be dismissed, with costs, and that defendants have such other and further relief as to the court may seem proper.

It is admitted in the pleadings that the warrants delivered to the city chamberlain for the collection of both the 1931 and 1932 city taxes were not under the seal of the city, as required by the charter. On account of the absence of the seals, plaintiff contends that the warrants were null and void and the city chamberlain had no right to receive payment of taxes or to issue a warrant for the collection thereof, and, until warrants under the seal of the city were delivered to the chamberlain, and the required notice published, plaintiff was not obliged to pay said taxes and was not subject to the imposition of fees or penalties for failure to pay same.

On August 16, 1931, the common council of the city of Fulton adopted a resolution directing the seal of the city to be attached to the warrants theretofore issued to the city chamberlain and, on February 8, 1932, upon stipulation of the parties, the Supreme Court granted an order directing that said seals be attached to said warrants, whereupon, both on August 16, 1932, and February 18, 1933, the seal of the city was impressed upon each of said warrants.

The controversy turns upon two propositions: (a) Whether or not the city of Fulton is estopped from collecting the balance of the 1931 tax on account of the settlement of July 13, 1932. (b) Whether the affixing of the seal to said warrants validates them from the beginning or only from the date when the seals were actually impressed thereon either by resolution of the council or by order of the court.

Plaintiff filed no protest against the 1930 assessment of its property and instituted no certiorari proceedings in respect to that assessment. The 1930 assessment in the east tax district was $1,154,738 and in the west tax district was $701,438. Plaintiff claims it has paid the 1931 taxes as reduced by the resolution of the common council, but admits it has not paid the balance of the 1931 tax as assessed in 1930, claiming that the city of Fulton is estopped from enforcing collection thereof by virtue of the settlement involved in said resolution. The common council and the city of Fulton were not parties to the certiorari proceedings. Section 261 of the charter of the city of Fulton* prescribes the power of the council as

---

* Laws of 1902, chap. 63.

to void and erroneous assessments. It specifically provides: " But the common council shall not alter any valuation made by the assessors." " A person contracting with public officers must take notice of their powers. He is charged with knowledge of the law, and he makes a contract in violation of law at his own risk." (*Parr* v. *Village of Greenbush*, 72 N. Y. 463, 472.) " Every one dealing with agents of the municipality is bound to know the limits of that power." (*Moore* v. *Mayor*, 73 N. Y. 238, 245; *Van Dolsen* v. *Board of Education*, 162 id. 446, 452.) Municipal officials cannot make a gift of the corporate funds. (*O'Brien* v. *Mayor*, 40 App. Div. 331, 333; State Const. art. VIII, § 10.) " A settlement for less than the amount due is an unlawful diversion of public money to private use * * * a municipal corporation cannot, under the guise of a compromise, surrender valuable rights or interests in claims over which there can be no substantial controversy. * * * a municipal corporation has no right to discharge a debt without payment * * * where no controversy exists respecting the validity and binding effect of the indebtedness." (McQuillin Mun. Corp. § 2643.) " If the power to reduce taxes were possessed by officials, the way would be opened to more political favoritism and greater official corruption than has yet been known." (*Brooklyn Elevated Railway Co.* v. *City of Brooklyn*, 16 Misc. 416; affd., 11 App. Div. 127.) Where no objections to a legal assessment have been duly presented or no proceedings to review have been duly instituted, municipal authorities are powerless to reduce the amount to be paid. They cannot waive the jurisdictional requirements of the Tax Law. (*People ex rel. C. H. G. & El. Co.* v. *Woodbury*, 171 App. Div. 300; affd., 219 N. Y. 577.) " When the assessment roll is made up it partakes of the character of a judgment, and the acts of the assessors in making it up are judicial in their character. Where the assessors have jurisdiction to act, their action becomes final, and may not be attacked collaterally in any proceeding." (*Brooklyn Elevated Railway Co.* v. *City of Brooklyn*, 11 App. Div. 127, 132.) " The law contemplates final action at a definite time and that the rolls shall pass into other hands so that no longer may the assessors have any power to engage in jugglery or make corrections in the rolls. (*People ex rel. Hoesterey* v. *Taylor*, 239 N. Y. 626.)" (*People ex rel. Albany Co. Savings Bank* v. *Lewis*, 226 App. Div. 182, 186.) If the taxpayer fails to object to the assessment he cannot maintain certiorari proceedings to review same. (*People ex rel. Wessel, Nickel & G.* v. *Craig*, 236 N. Y. 100, 102.) Plaintiff's liability upon the 1931 tax had already been irrevocably fixed when the common council adopted the resolution reducing it. " It has suffered no loss by the discovery of the fact that it is not in a position to obtain that benefit." (*People ex rel. C. H. G. & El. Co.* v. *Wood-*

*bury, supra*, 303.)    The plaintiff received a reduction in the certiorari proceedings greater than it had asked therein.    Plaintiff relinquished no rights in the settlement involving the 1931 taxes.    " No estoppel arises in any case where there has been no act done and no change of position in reliance upon an untrue representation."    (*Wills* v. *Investors Bank-Stocks Corp.*, 257 N. Y. 451, 458.)    In a proper case the doctrine of estoppel may be invoked against a municipality. (*Vermeule* v. *City of Corning*, 186 App. Div. 206, 209.)    An equitable estoppel *in pais* has been defined as " the effect of the voluntary conduct of a party, whereby he is absolutely precluded, both in law and in equity, from asserting rights which might have otherwise existed, either of property, or of contract, or of remedy, as against another person who has in good faith relied upon such conduct, and has been led thereby to change his condition for the worse, and who, on his part, acquires some corresponding right, either of property or contract, or of remedy."    (Quoted in *New York Central R. R. Co.* v. *City of Buffalo*, 85 Misc. 78, 84.)    Estoppel there was not upon the undisputed facts.    Plaintiff must pay the balance due on the 1931 taxes with interest and penalties.

The parties admit that the warrants delivered to the city chamberlain for the collection of the 1931 and 1932 taxes were not sealed as required by section 246 of the charter.    This omission invalidated the warrants but did not affect the validity of the taxes or release the taxpayers from paying interest and penalties since due notice has been given.    The omission was a curable irregularity.    (*People ex rel. Boenig* v. *Hegeman*, 220 N. Y. 118, 122; City Charter, §§ 246, 261.)

In an attempt to cure this irregularity the common council, on August 16, 1932, adopted the following resolution:

" RESOLUTION OF COMMON COUNCIL AS TO PLACING SEALS ON
    TAX WARRANTS ISSUED TO CITY CHAMBERLAIN.

" Alderman Root introduced the following and moved its adoption:

" WHEREAS, it appears to the common council of the city of Fulton that in December, 1931, and for a considerable number of years prior thereto, tax warrants signed by a majority of the common councils of the respective years have been delivered to the city chamberlain of said city, which said tax warrants were not under seal of the city of Fulton, and that the omission of said seal was inadvertent.

" Be it *Resolved*, by the common council of the city of Fulton that the City Chamberlain and city clerk be, and they are hereby directed to correct the omission of said seal by causing the same forthwith to be impressed upon each of said tax warrants.

" This Resolution to take effect immediately."

After the council had adopted this resolution, and after the warrants had been delivered to the chamberlain, the city clerk and chamberlain, about August 16, 1932, affixed the seal thereon. On February 8, 1933, on stipulation of the parties, the Supreme Court granted an order directing the seals to be affixed to said warrants. February 8, 1933, they were affixed thereto. This order cured the irregularity in the warrants and validated the notices as published and posted. (*Hatzung* v. *City of Syracuse*, 92 Hun, 203.) The city clerk delivered a new sealed warrant to the chamberlain November 28, 1932, for the 1932 taxes and the chamberlain, on December 1, 1932, began publication of a new thirty-day notice as required by section 247 for the collection of the 1932 tax.

The council had power under section 261, in case any assessment remained unpaid, on account of any irregularity, any omission, or error in any assessment, or, in case of error, in the description of lands, or of the owner or occupant, to proceed to correct the same or to cancel, remit or commute the tax, or to cause the amount unpaid to be reassessed. The council also had the power to direct the city chamberlain to make the corrections accordingly. The council had no power to correct an omission to comply with the requirements for levying a tax or creating a lien. This power, under section 261, is reserved to the courts. The failure to affix the seal to the warrant is an irregularity touching the power of the chamberlain " to receive, levy and collect " the tax as provided in section 246 of the charter. Hence, the resolution of August 16, 1932, is a nullity and the clerk and chamberlain had no authority, relying on said resolution, to affix the seals to said warrants and the affixing of the seals, under the circumstances, gave no vitality to said warrants. The affixing of the seals February 8, 1933, to the warrants, pursuant to the order of the court, endowed them with life. Until this was done they were warrants in name only.

Defendants claim that the correction of this irregularity related back to the delivery of the warrants by the clerk to the chamberlain and vitalized them from *that moment*. The plaintiff argues that the affixing of the seal had no retroactive effect. The warrant for the 1931 tax was delivered January 1, 1931, and the warrant for the 1932 tax was delivered January 1, 1932. (Bear in mind that the levy by the council and assessment are made the year before the tax is payable.)

It is undisputed that plaintiff made payments on the 1931 and 1932 taxes before it discovered the absence of the seals. Defendants contend that by the act of payment plaintiff waived the irregularity and cannot now take advantage of it. Plaintiff says it made the payments supposing the warrants were legal and valid which it

would not have done had it known the truth and upon discovery of the fact it asserted the invalidity of the warrants as a defense to further payments. Waiver is an affirmative defense which must be pleaded (*Pope Mfg. Co.* v. *Rubber Goods Mfg. Co.*, 110 App. Div. 341, 342; *Kronman & Co., Inc.*, v. *Public National Bank of N. Y.*, 218 id. 624, 632; *Sasse* v. *Order of United Commercial Travelers*, 168 id. 746, 755), while estoppel *in pais* may be proved without being pleaded. (*Feinberg* v. *Allen*, 208 N. Y. 215.) Defendants pleaded neither.

The chamberlain on January 1, 1931, and January 1, 1932, began publication of the thirty-day notice, and posted the same, as required by the charter. Plaintiff was aware of these notices. It could have paid the full amount of its taxes any time during the thirty-day period and thereby could have prevented the accrual of interest or penalties. It chose not to pay. While the warrants remained unsealed, and they did until February 8, 1933, the chamberlain could not enforce payment of the taxes. His inability in this respect did not relieve plaintiff from paying the interest and penalties provided for in the charter. The situation is analogous to an ordinary judgment. The judgment creditor cannot enforce payment of the judgment until he has issued a valid execution for the purpose but the judgment debtor must pay the interest and fees when a legal levy is made thereunder.

At the time the defendant Bray levied on plaintiff's property, the execution in his hands was void, not being based on valid tax warrants, hence, the levy made thereunder cannot be sustained and should be vacated. To this extent the absence of seals on the tax warrants is a defense to the plaintiff in the execution proceeding.

The plaintiff is entitled to judgment setting aside the execution and vacating the levy thereunder, with costs, and the defendant city of Fulton is entitled to judgment declaring that there is due and unpaid on the 1931 tax the sum of $19,168.78, and that there is due and unpaid upon accrued interest and penalties a balance of $4,317.76, and that there is due and unpaid on the 1932 taxes the sum of $3,100.48 and that there is due and unpaid upon accrued interest and penalties the sum of $2,622.13.

The chamberlain was within his rights in applying the moneys paid by plaintiff as he did. The warrant for the collection of the 1932 tax, issued November 28, 1932, and the notice published thereon may be disregarded.

Judgment is directed accordingly, with costs to plaintiff and without costs to the defendants.