THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE NEW YORK CENTRAL RAILROAD COMPANY, Relator, *v.* MARK GRAVES and Others, Constituting the State Tax Commission, Respondents.

Supreme Court, Special Term, Albany County, May 16, 1936.

*Clive C. Handy* [*Frederick L. Wheeler* and *Edwin B. Collister* of counsel], for the relator.

*John J. Bennett, Jr., Attorney-General* [*Edward J. Grogan, Jr., Assistant Attorney-General,* of counsel], for the respondents.

BERGAN, J.   The defendants, constituting the State Tax Commission, move to quash and dismiss a writ of certiorari heretofore granted the relator to review special franchise tax assessments in the city of Syracuse.

The first ground upon which the motion is made is that the relator failed to furnish " certain information pertaining to its special franch se occupations in the City of Syracuse, which information was requested by the State Tax Commission under the provisions of section 44 of the Tax Law."   The section relied upon requires the making of a written report to the Tax Commission containing a full description of every special franchise possessed or enjoyed and containing certain other data, and further provides the Commission may require that an annual report, " and from time to time a further or supplemental report," be filed by the beneficiary of a special franchise.   The relator filed its special franchise report for the year ending December 31, 1934, with the Commission on April 27, 1935. On April 30, 1935, the Tax Commission required certain additional information be furnished by the relator in respect to its Syracuse special franchises.

Section 44 provides that failure to file the report therein required, or to make any special report required by the Commission " within a reasonable time specified by it," shall, among other things, preclude the right to review by certiorari.

No reasonable time was specified in which such additional information was to be furnished.   Additional information, which relator apparently regarded as conforming with the requirement of the Commission, was filed on May 9, 1935.   Raymond B. Hyde, employed by the Commission as a senior tax valuation engineer, in the moving affidavit on this motion says that thereafter at various times he advised representatives of the relator that the additional information furnished on May 9, 1935, was inadequate and insuffi-

cient. These verbal communications made by the engineer are not the equivalent of a requirement by the Tax Commission that a " further or supplemental report " be furnished within the scope of section 44 of the Tax Law.

On November 13, 1935, however, the Tax Commission wrote the relator stating that " you are requested to furnish " certain further information concerning the franchise rights enumerated in the letter. Broadly construed, I assume this " request " was tantamount to the requirement authorized by section 44 of the Tax Law, to furnish the additional information. The letter did not, however, specify a reasonable time within which the information was to be furnished as provided by the section, and in the absence of such specification, unless the delay itself is clearly shown to be unreasonable, the penalty of the statute, forfeiting the right to a review by certiorari, is not operative. In view of the involved nature of the additional information required, as disclosed in the opposing affidavits, and the absence of a specification of time in which it was to be furnished, I do not find the delay in furnishing such information to have been unreasonable, or to have precluded the right to a review by certiorari. (*People ex rel. Metropolitan Street Railway* v. *State Tax Commissioners*, 159 App. Div. 136, 141.)

The second ground upon which the Commission relies for the dismissal of the writ is that the relator did not cause a written complaint specifying its objection to the determination of special franchise valuations to be served upon the Commission at least fifteen days before the date fixed for the hearing by the Commission of complaints concerning valuation and the rate of equalization, as required by section 45-a of the Tax Law. Failure to conform with this section has been held by the Special Term in Albany county to be a sufficient ground for the quashing of the writ. (*People ex rel. Erie Railroad* v. *Tax Commission*, 128 Misc. 142.) The Court of Appeals reversed this determination (246 N. Y. 322), on the ground that where the validity of the assessment is attacked for lack of jurisdiction, and the Commission is without jurisdiction, the failure to serve the written complaint as required by statute will not preclude a review by certiorari.

In the absence of an attack upon the jurisdiction of the Commission, the failure to protest or appear upon the hearing, or file a written complaint would probably preclude a review by certiorari. In such a situation, the rule established by the Special Term in the *Erie Railroad* case seems unaffected by the reversal by the Court of Appeals.

While the complaint in writing was not filed fifteen days before grievance day, it was filed fourteen days before such day. The

Tax Commission retained the complaint, but by letter dated December 30, 1935, called the attention of the relator to the fact that the statute required it to be filed fifteen days before the day fixed for the hearing and advised the relator that the retention of the paper " is not to be construed as an acceptance of service or an admission that it was filed in accordance with the Tax Law."

The hearing was held on January 7, 1936. The relator was heard by the Commission on the merits of its complaint and was allowed to file a memorandum without objection. The purpose of the requirement that the complaint be filed fifteen days before the hearing is to apprise the Commission of the details of the protest. If the filing of the complaint one day late was not a substantial compliance with the statute, the Commission waived the beneficial provisions intended for its own information by hearing the relator on the merits. This does not seem to me to be the equivalent of an attempt by a public official to waive the jurisdictional requirement to commence a proceeding within the scope of *People ex rel. Central Hudson Gas & El. Co.* v. *Woodbury* (171 App. Div. 300).

In so far as the writ challenges the jurisdiction of the Commission to assess valuations involved in grade crossing elimination structures as special franchise occupations, it would seem that the right to review is not dependent upon compliance with the statutory requirement relating to protest. The relator contends that such structures were not constructed for its benefit and are not a part of its railroad or other property. It is pointed out by the Commission that the jurisdiction to assess the special franchise occupations is not challenged in the petition, but merely the amount of such assessments, in part due to the inclusion of tangible property which relator contends is not taxable under the statute.

Whether all or a portion of the property assessed is not taxable within the jurisdiction of the Commission, the petition is sufficient to require the denial of this motion. The portion of the petition which raises jurisdictional grounds cannot be segregated from the other portions and determined in the summary manner required upon the motion, but should await the plenary determination of the proceeding.

The third ground for dismissal urged by the Commission is that relator failed to present its petition for the writ within thirty days after the filing of the assessment roll of the city of Syracuse and the first posting or publication of the notice thereof. This requirement is found in section 46 of the Tax Law. When there is a " final completion and filing of the assessment-roll " and publication of notice, is dependent upon the provisions of the

special act relating to the department of assessment and taxation of the city of Syracuse. (Laws of 1906, chap. 75, as amd. by Laws of 1923, chap. 304.) Section 1 of this act requires the assessors to " complete the assessment roll or rolls on or before March first." Upon the completion of the roll, the statute requires that the assessors " shall thereupon give public notice causing the same to be published " in the official paper or papers.

On December 30, 1935, a notice was published by the assessors of the city of Syracuse that they had completed the assessment rolls for 1936. This seems to me to be the completion of the assessment rolls and the publication of notice thereof required by section 1 of the special act. The act further requires that the notice must state that rolls will be open for inspection for fifteen days and requires the assessors to attend during such period.

Within five days thereafter (the end of the fifteen-day period) the assessors may make corrections, additions or erasures from the tax rolls. Section 2 of the act provides that the rolls " so corrected shall become final and conclusive," except as to persons who commence judicial proceedings for the review thereof. Such judicial proceedings must be commenced within fifteen days of the time when the assessors have completed and made final their own review of assessments.

The scheme of the statute is made apparent by the provision of section 3, requiring the assessors to deliver the rolls to the city clerk at the end of thirty-five days and within the times specified in section 9, which in turn requires the assessors to cause the rolls to be filed with the city treasurer before April fifteenth. The thirty-five-day period is apparently reached in the statute by computing the fifteen days for review, the five days for correction and the fifteen days for the commencement of a judicial proceeding to review. The same lapse of time is apparent in the requirement of section 1, that the rolls be completed for inspection before March first, read in connection with the requirement of section 9 that the rolls be filed with the city treasurer on or before April fifteenth.

The proof is that after the completion of the tax rolls on December thirtieth, the notice required by section 1 was published by January fourteenth; that the period of inspection provided in the notice terminated on January eighteenth, and that for five days thereafter the assessors corrected the roll and completed the review thereof on January twenty-fourth. Upon that date, under the provisions of section 2, the rolls became " final and conclusive " except in instances where a judicial proceeding was commenced, and

in such instances, under section 3, the assessors were required to cease to correct the rolls within fifteen days thereafter, which could not be later than February ninth. The rolls could then, under the plan of the statute, have been filed with the city treasurer, and the latest time allowed by section 9 for such filing is not here controlling. The assessments became final on January twenty-fourth, and in all events, not later than fifteen days thereafter. The writ commencing this proceeding was allowed February twenty-first. This is within the thirty-day period specified by section 46 of the Tax Law, and hence the writ was not prematurely granted.

The motion to quash and dismiss the writ is denied, without costs.

Submit order.