GEORGE J. CHAMBERS et al., Individually and as Copartners under the Firm Name of SOUTHERN DISTRICT COURT REPORTERS, Respondents, v. CITY OF NEW YORK, Appellant.

Argued May 22, 1941; decided July 29, 1941.

*William C. Chanler, Corporation Counsel (Stanley Buchsbaum, Seymour B. Quel and M. Camper O'Neal of counsel),* for appellant. Appropriations may be made, expenses incurred and contracts entered into on behalf of the city only in accordance with the Charter and statutory provisions. Contracts entered into in violation of Charter provisions or by persons unauthorized to make them are not binding on the city. (*Matter of Herlands* v. *Sutherland,* 170 Misc. Rep. 131; 257 App. Div. 935; *Donovan* v. *City of New York,* 33 N. Y. 291; *McDonald* v. *Mayor,* 68 N. Y. 23; *Williams* v. *City of New York,* 118 App. Div. 756; 192 N. Y. 541; *Clarke Co.* v. *Board of Education,* 156 App. Div. 842; 215 N. Y. 646; *Starkie Holding Corp.* v. *Board of Education,* 248 App. Div. 573; *McSpedon* v. *Mayor,* 20 How. Pr. 395; *Lyddy* v. *Long Island City,* 104 N. Y. 218; *Scarborough Properties Corp.* v. *Village of Briarcliff Manor,* 278 N. Y. 370; *People ex rel. U. S. Standard Voting Machine Co.* v. *City of Geneva,* 98 App. Div. 383; *People ex rel. Hatzel* v. *Hall,* 80 N. Y. 117; *Matter of Sherrill* v. *O'Brien,* 188 N. Y. 185; *Matter of McCarthy* v. *LaGuardia,* 283 N. Y. 701; *Edison Electric Co.* v. *City of Pasadena,* 178 Fed. Rep. 425.)

*Harold Harper* and *James E. Austin* for respondents. In the exercise of its Charter prerogative to pass upon the election and qualifications of its own members, the Council may incur any reasonably necessary expense free of control by the Mayor, Board of Estimate or other city authority.

(*Matter of Radio Station WNYC*, 169 Misc. Rep. 502; 255 App. Div. 844; 280 N. Y. 629; *Matter of Herlands* v. *Surpless*, 171 Misc. Rep. 914; 258 App. Div. 275; 282 N. Y. 647; *People ex rel. Krulish* v. *Fornes*, 175 N. Y. 114; *People ex rel. Hatzel* v. *Hall*, 80 N. Y. 117; *McVeany* v. *Mayor*, 80 N. Y. 185; *Barry* v. *U. S. ex rel. Cunningham*, 279 U. S. 597; *State* v. *Haynes*, 50 N. J. L. 97; *O'Brien* v. *City of Niagara Falls*, 65 Misc. Rep. 92; *Judson* v. *City of Niagara Falls*, 140 App. Div. 62; *Barry* v. *City of New York*, 175 Misc. Rep. 712; *People ex rel. Schanck* v. *Green*, 64 N. Y. 499; *Matter of Clark* v. *Smith*, 250 App. Div. 233; 276 N. Y. 473; *Lowe* v. *City of New York*, 240 App. Div. 484; 265 N. Y. 583; *Heaton* v. *City of Cohoes*, 270 N. Y. 222; *Brooklyn Citizen* v. *City of New York*, 258 App. Div. 657.) The Council in exercising its legislative function is not an " agency " within the meaning of section 891 of the Charter (effective January 1, 1938) and hence is not subject to its prohibition. (*Lowe* v. *City of New York*, 240 App. Div. 484; 265 N. Y. 583.)

LEHMAN, Ch. J. In February, 1938, the Council of the city of New York appointed committees to investigate the qualifications and election of three members of the Council. The plaintiffs were employed by these committees to make and transcribe a stenographic record of the proceedings before these committees. The Comptroller of the city of New York refused to adjust and pay claims made by the plaintiffs for the services so rendered. Then the plaintiffs brought this action to recover the agreed and reasonable value of the services. Summary judgment in favor of the plaintiffs in the sum of $3,468, together with interest and costs, has been granted.

The city admits all the material allegations of the complaint. The services rendered are reasonably worth the amount for which the plaintiffs ask recovery and the services so rendered were reasonably necessary for the conduct of the investigation which the committees were authorized to make. The city denies liability for these services solely on the ground that no appropriation has been made, as

provided by the Charter, for the expenses of such investigation of the qualifications of members of the Council by the Council or any committee of the Council. Section 30 of the New York City Charter (effective January 1, 1938) provides: " The council may elect a sergeant-at-arms and such assistants as are needful to the orderly conduct of its meetings; provided, however, that no expenditures for salaries for such sergeant-at-arms and such assistants shall exceed the amount appropriated therefor in the annual budget. The council shall determine the rules of its own proceedings; shall be the judge of the election returns and qualifications of its own members, subject, however, to review by certiorari by any court of competent jurisdiction; shall keep a journal of its proceedings; shall sit with open doors; shall have authority to compel the attendance of absent members and to punish its members for disorderly behavior, and to expel any member with the concurrence of two-thirds of all the councilmen." Concededly, the Council has asked for no appropriation and no appropriation has been made for the expense of any investigation of the election returns or qualifications of the members of the Council, though where qualifications are challenged, an investigation may be necessary in order that the Council shall be properly organized and may perform its governmental functions.

Control of the budget of the city is, in the absence of other provisions of law, lodged primarily in the Board of Estimate of the city. (Charter, §§ 121, 122, 123.) It has the power to increase, decrease, or omit any item contained in the executive budget submitted by the Mayor of the city. (Charter, § 123.) With certain exceptions, " the council may reduce or omit any item in the budget as adopted by the board of estimate * * * but it may not add or increase any item or vary the titles, description, terms or conditions of administration specified therein." (Charter, § 124.) Expenditures by agencies of the city are limited to the amount so appropriated. " No agency shall incur a liability or an expense for any purpose in excess of the amount appropriated * * * therefor; and

no charge, claim or liability shall exist or arise against the city, or any of the counties contained within its territorial limits, for any sum in excess of the amount appropriated or otherwise authorized for the particular purpose." (Charter, § 891.) The city contends that the Council is an " agency " of the city within the meaning of that section and that, like other agencies, the Council cannot make a contract for any purpose which creates a liability enforceable against the city unless appropriation has previously been made in manner provided by the Charter for such particular purpose. (Charter, § 891.)

An agency is defined in section 981 of the Charter: " The term ' agency ' shall mean a city, county, borough or other office, position, department, division, bureau, board or commission, or a corporation, institution or agency of government, the expenses of which are paid in whole or in part from the city treasury." It is difficult to see how a more inclusive definition could have been devised, and clearly the Council is not excluded from its terms. The term " agency " recurs in many other sections of the Charter. The City Council might appropriately be included as an agency under some of these sections. The plaintiffs, however, point out four sections of the Charter where the term " agency " is used in more restricted sense. Those sections can have no reasonable application to the Council of the city, but refer to purely administrative bodies or officers. Relying upon these sections, the plaintiffs argue that the Council of the city, at least when acting in a legislative capacity or when performing a function or exercising a power expressly conferred upon it by the Charter, may not be considered an " agency " of the city within the meaning of section 891, and that reasonable expenses incurred in performing such functions and exercising such powers, constitute a liability of the city, though no appropriation has been asked or made for such purpose.

The question presented upon this appeal is not so broad. The question here presented is not whether, in other matters, while performing its functions as part of the city govern-

ment, the Council is an agency of the city without power to authorize the creation of a liability against the city unless prior appropriations have been made for such purpose, but whether the Council may, without appropriation, incur expenses *in connection with its organization and procedure* as provided in section 30, in order that it may perform its functions and exercise the powers conferred by charter upon the Council as part of the machinery of government. We decide no other question.

Perhaps it is significant that under the provisions of section 30, the Council, in fixing the salary of a sergeant-at-arms and such assistants as may be necessary for the orderly conduct of its meetings, is expressly limited to the amount previously appropriated and fixed in the budget, while there is no such restriction imposed in regard to expenses incurred in the exercise of the other powers conferred upon it in connection with its organization or the conduct and procedure of its meetings. A statute which confers upon the Board of Estimate power to grant or withhold funds reasonably necessary for the organization and orderly conduct of the Council, would, in fact, give to the Board of Estimate a power of life or death over the Council. In the absence of language clearly expressing such an intent, the courts will not give a statute such effect. We hold, therefore, that in the exercise of its powers and the performance of its duties as provided in section 30, in order that the Council may be properly organized and may properly conduct its meetings as a department of government, the Council may create a liability of the city for expenses reasonably necessary. It is indeed difficult to see how the Council can function even to the extent of asking for an appropriation until organization is complete. Determination of whether the Council can incur expenses without prior appropriation in the exercise of other powers, must wait till such a case is presented.

The judgment should be affirmed, with costs.

Loughran, Finch, Rippey, Lewis, Conway and Desmond, JJ., concur.

Judgment affirmed.