ARTHUR C. SMITH, Respondent, *v.* CITY OF NEW YORK, Appellant.

Argued October 6, 1942; decided January 21, 1943.

*William C. Chanler, Corporation Counsel (Stanley Buchsbaum, Paxton Blair* and *Seymour B. Quel* of counsel), for appellant. Appropriations may be made, expenses incurred and contracts entered into on behalf of the city only in accordance with the Charter and statutory provisions. Contracts entered into in violation of Charter provisions or by persons unauthorized to make

them are not binding on the city. (*Matter of La Guardia v. Smith,* 288 N. Y. 1; *Chambers v. City of New York,* 286 N. Y. 308; *Donovan v. City of New York,* 33 N. Y. 291; *Williams v. City of New York,* 118 App. Div. 756; 192 N. Y. 541; *Clarke Co. v. Board of Education,* 156 App. Div. 842; 215 N. Y. 646; *McSpedon v. Mayor,* 20 How. Pr. 395; *Lyddy v. Long Island City,* 104 N. Y. 218; *Scarborough Properties Corp. v. Village of Briarcliff Manor,* 278 N. Y. 370; *People ex rel. U. S. Standard Voting Machine Co. v. City of Geneva,* 98 App. Div. 383; *Empire Voting Machine Co. v. City. of Chicago,* 267 Fed. 162; *Seif v. City of Long Beach,* 286 N. Y. 382.) The restrictions apply to Councilmanic investigations. (*Matter of LaGuardia v. Smith,* 288 N. Y. 1; *Carr v. State,* 231 N. Y. 164; *People ex rel. Hastings v. Hofstadter,* 258 N. Y. 425; *Matter of McCarthy v. LaGuardia,* 283 N. Y. 701; *Edison Electric Co. v. City of Pasadena,* 178 Fed. 425.) The terms of the resolution creating the special committee expressly prohibited it from incurring obligations requiring the expenditure of city money without the consent of the Board of Estimate. (*Howard v. City of New York,* 236 N. Y. 91.)

*Julius Hallheimer* for respondent. In the exercise of its Charter powers to investigate any matter relating to the property, affairs or government of the city the Council may incur any reasonably necessary expense free of control by any other city authority. (Charter of City of New York [1938], § 43; *Matter of Radio Station W N Y C,* 169 Misc. 502; 255 App. Div. 844; 280 N. Y. 629; *Barry v. City of New York,* 175 Misc. 712; 261 App. Div. 957; *Chambers v. City of New York,* 261 App. Div. 807; 286 N. Y. 308; *Matter of LaGuardia v. Smith,* 288 N. Y. 1; *Matter of Herlands v. Surpless,* 171 Misc. 914; 258 App. Div. 275; 282 N. Y. 647; *Lowe v. City of New York,* 240 App. Div. 484; 265 N. Y. 583; *Heaton v. City of Cohoes,* 270 N. Y. 222; *O'Brien v. City of Niagara Falls,* 65 Misc. 92; *Judson v. City of Niagara Falls,* 140 App. Div. 62; 204 N. Y. 630; *Barry v. United States ex rel. Cunningham,* 279 U. S. 597; *McGrain v. Daugherty,* 273 U. S. 135; *People ex rel. Schanck v. Green,* 64 N. Y. 499; *State v. Haynes,* 50 N. J. L. 97.) The appellant misinterprets the unambiguous language of the resolution.

*Leonard S. Saxe, Abraham Heller* and *Emil K. Ellis,* in person, for Emil K. Ellis, *amicus curiæ,* appearing in support of position of respondent. The express legislative power to investigate any

matters relating to the property, affairs or government of the city of New York (Charter, § 43) necessarily empowers the Council by implication to incur reasonable expenses in the exercise of said power without dependence upon the Board of Estimate for a prior specific appropriation. (*Matter of Federal Land Bank of Springfield* v. *Pickard*, 169 Misc. 753; *McCullough* v. *State of Maryland*, 4 Wheat. 316; *Mayor* v. *Sands*, 105 N. Y. 210; *People* v. *Davis*, 78 App. Div. 570; *Matter of Seneca Oil Co.*, 153 App. Div. 594; 208 N. Y. 545; *People ex rel. Huntington* v. *Crennan*, 141 N. Y. 239; *People ex rel. Shanck* v. *Green*, 64 N. Y. 499; *Judson* v. *City of Niagara Falls*, 140 App. Div. 62; 204 N. Y. 630; *O'Brien* v. *City of Niagara Falls*, 65 Misc. 92; *Treeman* v. *Perry*, 11 Okla. 66; *Huron* v. *Campbell*, 30 S. D. 309.) The Charter clearly provides section 21 that the concurrence of any other branch of the city is unnecessary to the exercise of legislative power by the Council. (*Matter of LaGuardia* v. *Smith*, 288 N. Y. 1; *Matter of Radio Station W N Y C*, 169 Misc. 502; 255 App. Div. 844; 280 N. Y. 629; *People ex rel. Hallock* v. *Hennessy*, 205 N. Y. 301; *People* v. *Ryan*, 274 N. Y. 149; *Surace* v. *Danna*, 248 N. Y. 18.) In the performance of its legislative power of investigation conferred upon it by section 43, the Council is not an " agency " within the intendment of the term as defined by the Charter and is not subject to the restrictions of section 891 thereof. (*Matter of Kay* v. *Board of Higher Education*, 260 App. Div. 9; *Barry* v. *City of New York* 175 Misc. 712; 261 App. Div. 957; *Matter of Ellis*, 176 Misc. 887;, *Matter of Joint Legislative Committee*, 285 N. Y. 1.)

LOUGHRAN, J. On June 14, 1938, the City Council of the city of New York adopted a resolution designating seven of its members as a special committee to look into the local handling of emergency unemployment relief. The Board of Estimate of the city twice refused to make an appropriation for the expenses of such an investigation. Plaintiff, a stenographer, thereafter reported the proceedings of the committee on the faith of its promise that for work actually done he would be paid " at the approved and customary rate for that type of service." In an action against the city for the value of his services ($747.25), he had judgment which was unanimously affirmed. We gave the city leave to appeal. The controversy is one as to the scope and effect of various provisions of its municipal charter. (N. Y. City Charter, effective Jan. 1, 1938.)

Section 891 provides: "No agency shall incur a liability or an expense for any purpose in excess of the amount appropriated or otherwise authorized therefor; and no charge, claim or liability shall exist or arise against the city, or any of the counties contained within its territorial limits, for any sum in excess of the amount appropriated or otherwise authorized for the particular purpose." Sections 121, 122, and 123 provide that the Board of Estimate has in the first instance the duty to make appropriations for the governmental purposes of the city. The Corporation Counsel stands on these provisions. His main point is this: The Council is an agency of the city and so the plaintiff's case fails for want of an appropriation by the Board of Estimate to cover the services rendered by him to the special committee of the Council.

For an answer, the plaintiff invokes sections 21 and 43. Section 21 says: "The council shall be vested with the legislative power of the city, and shall be the local legislative body of the city with the sole power to adopt local laws under the provisions of the city home rule law or otherwise, without requiring the concurrence of any other body or officer except as provided in sections thirty-eight, thirty-nine and forty." (§§ 38, 39 and 40 have no relevance to the present case.) Section 43 makes these provisions: "The council shall have power from time to time to appoint a special committee to investigate any matters relating to the property, affairs or government of the city or of any county within the city. Any such committee shall have power to require the attendance and examine and take the testimony under oath of such persons as it may deem necessary." We think the plaintiff is obviously right in his contention that such legislative functions of the Council cannot be deemed to be defeasible by means of a mere failure of the Board of Estimate to concur in an appropriation for the necessary expenses thereof.

In *Chambers* v. *City of New York* (286 N. Y. 308), we held the city liable for reasonable expenses of an exercise by the Council of its duties of organization and procedure as defined by section 30 of the Charter, though no appropriation for such expenses had been made by the Board of Estimate. On a contrary view, as we there said, the Board of Estimate would have a power of life or death over the Council — a result which, of course, was never intended. So in the present case, as we believe, the fundamental

design of the Charter requires us likewise to decide that the Council does not act as a departmental agency of the city when it exercises its legislative power by way of an investigation conducted pursuant to section 43.

Under section 43 the special committee was to take the testimony of such persons as it deemed necessary. By the resolution of the Council the committee was specifically directed " to examine and report " in respect of a number of detailed specifications of possible abuses in the local management of emergency unemployment relief. This extensive commitment could not have been discharged without the aid of a shorthand reporter. Hence the power of the committee to engage the services of the plaintiff was clear enough — unless indeed that power (as the city suggests) was here annulled merely because the resolution included a provision authorizing the committee to request that an appropriation for its expenses be made by the Board of Estimate. This last idea is quite refined and, as we apprehend, fails to take proper account of still another provision of the resolution which called upon all departments of the city government to cooperate with the special committee. We do not find any sufficient expression by the Council of an intent that its competent legislative action was in this instance to be subject to immediate administrative interdiction by the Board of Estimate. (Cf. *Chambers* v. *City of New York*, 286 N. Y. 308.)

The judgment should be affirmed, with costs.

LEHMAN, Ch. J. (dissenting). Because in my opinion the principle of separation of governmental powers is clearly implicit in the Charter of the city of New York and express grants of broad powers to the executive and to the legislative branches of the city government, though subject to no express limitations, are subject to implied limitations arising from that principle, I was constrained to dissent from the decision of the court in *Matter of La Guardia* v. *Smith* (288 N. Y. 1). For the same reason I now concur in the opinion of Judge LOUGHRAN so far as it holds that " legislative functions of the Council cannot be deemed to be defeasible by means of a mere failure of the Board of Estimate to concur in an appropriation for the necessary expenses thereof."

It follows, I do not doubt, that when the Board of Estimate fails or refuses to appropriate moneys reasonably required for a legislative investigation by a special committee, appointed by the Council in accordance with section 43 to investigate a matter relating to the property affairs and government of the city, the *Council* may direct the special committee to incur necessary expenses for services and material. It does not follow, and so far, I think, there is no room for difference of opinion, that without such direction, or at least authorization from the Council the special committee can incur expenses for which the city would be liable.

In *Chambers* v. *City of New York* (286 N. Y. 308) the Council adopted a resolution " that when the committee just appointed reports, it return in full the evidence taken before it; *that the said evidence be taken verbatim and transcribed and that a copy thereof be furnished to each member of the Council.*" Implied in the italicized words there is an unequivocal direction or authorization to incur the necessary expenses for stenographic and transcribing services. We held that for such services the city was liable. In this case I find no basis for any implication that without appropriation by the Board of Estimate the special committee is directed or authorized by the Council to incur any expenses in the course of its investigation. The resolution, indeed, expressly provided " *if in the judgment of the Committee an appropriation of funds be needed for anticipated expenses of such Committee*, that, at the proper time, the necessary request be made to the Board of Estimate for such money as may be adequate for such expenses." This provision of the resolution shows, it seems to me, a manifest intention to withhold from the committee, in the absence of a previous appropriation, any authority to incur expenses necessary for an investigation which might extend into such undefined fields as the committee might deem germane to the inquiry. That is in accordance with scund legislative practice. I know no precedent in legislative practice for a grant of such broad authority to a subcommittee and I question whether such a grant would be within the power of the Legislature.

The judgment should be reversed and the complaint dismissed.

FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur with LOUGHRAN, J., LEHMAN, Ch. J., dissents in opinion.

Judgment affirmed.