LOUIS GRUSS, Plaintiff, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, Kings County, March 9, 1943.

*Bernard Noskin* for plaintiff.

*Thomas D. Thacher, Corporation Counsel* (*Seymour B. Quel* and *Harry Hollander* of counsel), for defendant.

STEINBRINK, J.   Plaintiff moves for judgment pursuant to subdivision 6 of rule 109 and rule 113 of the Rules of Civil Practice, while the defendant moves pursuant to rule 113 for summary judgment dismissing the complaint.

Plaintiff sues to recover the reasonable value of professional services which he rendered as an attorney to a special committee of the Council of the City of New York in an investigation of certain alleged abuses attending the administration of the Municipal Civil Service Commission.   In substance the complaint alleges the creation by appropriate resolution of a special committee of councilmen to conduct the investigation, the selection by the special committee of Emil K. Ellis to serve as counsel and plaintiff's selection by Ellis to serve as assistant counsel without prejudice to plaintiff's right to reasonable compensation in the event that he is found to be entitled thereto, ratification of the foregoing agreement by the special committee and by the City Council, a description of the services performed by plaintiff as such assistant counsel and the results accomplished by him, and the presentation of plaintiff's claim to the comptroller who failed and neglected to make an adjustment or payment for more than thirty days after such presentment.

The answer, in addition to denials, contains five affirmative defenses.   The first defense alleges that the City Council and its special committee were without power to incur any liability without prior appropriation by the Board of Estimate.   The second defense alleges that no request was made of the Board of Estimate for an appropriation for the payment of plaintiff's services or expense.   The third defense alleges that counsel to a special committee is without power to incur any liability binding on the defendant.   The fourth and fifth defenses allege that liability may not be imposed on defendant to pay plaintiff's claim, since no bill or charge was presented to the special committee or the Council and approved or audited by either.

The question of law raised by these defenses is whether plaintiff may recover the reasonable value of his services even though the special committee which he served was not expressly authorized to engage counsel in the conduct of its investigation and even though no request for an appropriation was made to the Board of Estimate and no appropriation was actually received. In my opinion the recent decision of the Court of Appeals in *Smith* v. *City of New York* (289 N. Y. 517) is decisive of the

question. In that case the City Council adopted a resolution designating seven of its members to act as a special committee to investigate the local administration of emergency unemployment relief. Upon request to it the Board of Estimate refused to make an appropriation for the investigation. Plaintiff, a stenographer, reported the proceedings of the committee with the understanding that he would be paid '' at the approved and customary rate for that type of service.'' Plaintiff sued the City for the value of his services and recovered a judgment, which was affirmed on appeal. The City relied upon section 891 of the New York City Charter, which provides in part: '' No agency shall incur a liability or an expense for any purpose in excess of the amount appropriated or otherwise authorized therefor.'' The Court of Appeals found that the legislative functions of the City Council, including its right under section 43 of the Charter to appoint a special committee to investigate any matters relating to the property, affairs or government of the City, '' cannot be deemed to be defeasible by means of a mere failure of the Board of Estimate to concur in an appropriation for the necessary expenses thereof.'' The power of the special committee to engage the services of the plaintiff was held to have been properly derived from its power, '' to require the attendance and examine and take the testimony under oath of such persons as it may deem necessary.'' (See New York City Charter [1938], § 43.) A special committee was directed in that case to examine and report in respect of a number of detailed specifications of possible abuses in the local management of emergency unemployment relief. The court was of the opinion that this '' extensive commitment could not have been discharged without the aid of a shorthand reporter.''

In the present case the committee was authorized to conduct an investigation into the affairs and conduct of the Municipal Civil Service Commission. The very nature of the investigation and the possible abuses which were to be probed as detailed in the preamble to the resolution authorizing the investigation indicated that the proper functioning of the special committee would require the services of trained counsel.

The *Smith* case did not turn on the fact that requests for appropriations had been addressed to the Board of Estimate, nor upon the fact that by agreement with the special committee plaintiff's compensation was to be measured by a fixed standard, namely, '' at the approved and customary rate for that type of service.'' As I read the opinion of the Court of Appeals, it

lays down the broad rule that section 891 of the Charter imposes no limitation on the power of the City Council to contract liability if such course is necessary to the discharge of its legislative functions as defined in the Charter.

While the defenses must be dismissed as insufficient in law, plaintiff is not entitled to summary judgment in view of the dispute as to the terms of his employment. Plaintiff alleges in his complaint and avers in his moving affidavit that at the time of his employment it was expressly understood and agreed that his services were to be without prejudice to his right to receive compensation and sue therefor.

In opposition to his motion and in support of the City's motion for summary judgment there has been submitted proof tending to show that counsel to the committee was authorized to engage assistants only upon condition that such assistants could not sue the city individually. The existence of this question of fact precludes an award of summary judgment to either of the parties. Both motions are accordingly denied, and plaintiff's motion to dismiss the affirmative defenses is granted.