Emil K. Ellis, Plaintiff, *v.* City of New York, Defendant.

Supreme Court, Special Term, New York County, March 10, 1943.

*Julius Hallheimer* for plaintiff.

*Thomas D. Thacher, Corporation Counsel* (*Seymour B. Quel* and *Harry Hollander* of counsel), for defendant.

VALENTE, J. Plaintiff has moved for summary judgment under rule 113 of the Rules of Civil Practice and for an assessment of damages before the court without a jury or before a referee, while defendant has made a cross motion to dismiss the complaint or in the alternative for assessment of plaintiff's damages, before a jury if plaintiff's motion for summary judgment is granted. Both motions were argued together and will be disposed of in that manner.

Plaintiff, an attorney, has sued the City to recover for services rendered to it while acting as counsel to a special committee of the City Council appointed to investigate the Municipal Civil Service Commission. The plaintiff alleges among other things the adoption of the resolution under section 43 of the New York City Charter (1938) designating the committee to investigate; the adoption of a further amendatory resolution enlarging the membership of the committee and providing for the examination of witnesses, et cetera; the employment of the plaintiff, the rendition of services and the filing of the plaintiff's claim with the Comptroller. The defendant does not, and in fact could not, question the resolution's adoption, the rendition of some service and the filing of the claim with the Comptroller. Concerning his employment plaintiff submits affidavits of the acting chairman of the committee, a member of the committee and the committee clerk which clearly establish his engagement. Moreover, plaintiff's acceptance of the post is evidenced by his letter, which by its terms absolves the individual members of the special committee from personal liability but contains the statement that such absolution is without prejudice to his right to procure compensation and

reimbursement for expenses from the City. Subsequently, upon the completion of the services, plaintiff submitted a report of the conduct of the inquiry and his activities as counsel and in its final paragraph stated that he had been rendering his services to the special committee without compensation, but without prejudice to his right to receive reasonable compensation therefor, and that at "An appropriate time a claim therefor will be filed with the Comptroller". That report was adopted by the Council.

The hiring of plaintiff and the rendition of service do not admit of argument. The City, in addition to a few perfunctory denials which are overcome by plaintiff's affidavits, has interposed four special defenses — the "First" and "Second" of which relate to, and deny the power of, the City Council to incur a binding obligation upon the City without an appropriation of the Board of Estimate, and in support argues that section 891 of the City Charter, which substantially provides that no "agency" of the City shall incur a liability in excess of the amount appropriated or otherwise authorized, precludes plaintiff's recovery. Those defenses must be and are stricken out, for the Court of Appeals by its recent decision in *Smith* v. *City of New York* (289 N. Y. 517) has definitely ruled against the availability of the section as a defense by the City in a case of this type. The court there held that the Council when it exercises its investigatory power under section 43 is not an "agency" of the City, and that it has the power to bind the City to pay for the needed expenses of a councilmanic investigation without the sanction of, or an appropriation from, the Board of Estimate. The decision in the *Smith* case, construing sections 43 and 21 of the Charter, is in all respects controlling. In the other two special defenses the City alleges that plaintiff's bill was never approved or audited by either the City Council or its special committee. The court is of the opinion that plaintiff was not required to submit a statement of his charges to either the Council or the special committee and have the same audited by them. There is no requirement in law or in any section of the Charter making either a prerequisite to recovery. Plaintiff was obliged under the Charter to present his bill for audit to the Comptroller. It is not denied he did this. (New York City Charter [1938], § 93, subd. c.) In plaintiff's report to the Council at the conclusion of the investigation which was adopted by the Council he stated he would file his claim with the Comptroller, and this was followed by the actual rendition and submission of his

claim accordingly. These two defenses must be and are stricken out.

In the affidavits submitted the City further contends that plaintiff some months after he had commenced to work had stated that he was not being paid and was rendering service on some sort of voluntary basis. The clear intent of the statements attributed to him is that he was not being currently paid, which of course was the fact. At that time the *Smith* case had not been finally decided, and since there had been no appropriation voted it was extremely doubtful if he ever would be paid. The plaintiff's statements when considered in their entirety do not under all the circumstances here presented permit an interpretation such as is contended for by the defendant, that plaintiff having, during a colloquy in the investigation, referred to himself as unpaid, should now remain so. Regardless of how one might wish to construe such a statement it is apparent that when viewed in the light of the retainer itself, and the report submitted, such statement, if made, has no probative value and creates no triable issue. In the face of the documentary and sworn proof submitted by plaintiff concerning his employment, no evidence is presented by defendant which would permit a jury to find that the original contract was subsequently modified. (*Commonwealth Fuel Co.* v. *Powpit Co.,* 212 App. Div. 553.)

The hiring of the plaintiff implied a promise to pay for the services performed and any casual remark or statement thereafter made during the course of the argument of a motion or in the examination of a witness does not destroy or impair the terms of the original undertaking. In *Brainard* v. *N. Y. C. R. R. Co.* (242 N. Y. 125, 133) Judge POUND said: '' If the court finds as matter of law that the contract is unambiguous, evidence of the intention and acts of the parties plays no part in the decision of the case. * * * The conduct of the parties may fix a meaning to words of doubtful import. It may not change the terms of a contract.'' (See, also, *Potter* v. *N. Y., O. & W. Ry.,* 233 App. Div. 578, affd. 261 N. Y. 489; *Stebbins* v. *Frisbie,* 201 App. Div. 477.)

The contract here made was not ambiguous and there is no opportunity to invoke the doctrine of practical construction. The construction of a plain contract is for the court. (*Hartigan* v. *Casualty Co. of Amer.,* 227 N. Y. 175.) In a motion for summary judgment the defendant must show a *bona fide* defense and one of a substantial character (*Dwan* v. *Massarene,* 199 App. Div. 872; *Richard* v. *Credit Suisse,* 242 N. Y. 346), to

which it is only necessary to add that a municipality not unlike an individual is liable for services it has accepted or had the benefit of, if the power to make the contract existed. (*Kramrath* v. *City of Albany*, 127 N. Y. 575, 582; *Matter of Clark* v. *Smith*, 250 App. Div. 233, affd. 276 N. Y. 473.) Any other determination would be violative of fair dealing.

The final phase of the motions concerns itself with the assessment of damages. Rule 113 of the Rules of Civil Practice permits the court in a case of this kind to order the assessment by " a referee, by the court alone, or by the court and a jury, whichever shall be appropriate." There are ample reasons that suggest themselves justifying the court to order the assessment by a referee or by the court alone. Such assessment would probably be the most practical and economical and generally the most satisfactory, considering the type of legal service to be appraised. Legal services involved in a long legislative investigation will necessarily embrace a broad field and inevitably require an evaluation of counsel's conclusions and recommendations respecting contemplated changes in the Civil Service Law and its administration. Obviously, a judge without a jury could be relied upon to give a sound estimate of such service. It would seem, however, that defendant's demand for a jury cannot be disregarded in view of the decisions in *Livingston* v. *Blumenthal* (248 App. Div. 138 [First Dept.]) and *Breitbart* v. *Weill* (255 App. Div. 801 [Second Dept.]) which hold that assessment should be by jury where so demanded. While those were the ordinary type of actions to recover for legal service and thus sharply differ from this action, nevertheless, in view of defendant's insistence that a jury determine the damage, I propose to follow the rule enunciated in those cases.

Plaintiff's motion to strike out the answer and for summary judgment is granted and an assessment of damages is directed. Defendant's cross motion is granted to the extent of ordering such assessment before the court and a jury, but otherwise denied. Settle order accordingly containing provision that the case for the purposes of such assessment be placed on the calendar of Trial Term, Part II, for March 29, 1943.