■ In the Matter of ALFRED WEINTRAUB, Respondent-Appellant, v. ARNOLD G. FRAIMAN, as Commissioner of Investigation of the City of New York, Appellant-Respondent. — Order entered February 15, 1968, unanimously modified, on the law and the facts, to the extent that the records called for by the subpœna issued by the Commissioner of Investigation shall be limited prospectively as and from April 1, 1967, and otherwise affirmed, without costs or disbursements to either party as against the other. The right and the propriety of the Commissioner of Investigation to investigate matters pertaining to appointments made by the Mayor of the City of New York cannot be seriously questioned. (New York City Charter, § 803.) Nor is there any doubt the inquisitorial powers of the Commissioner reach the office of City Marshal. (See, *Chambers* v. *City of New York*, 286 N. Y. 308, 312; *Matter of Hirshfield* v. *Cook*, 227 N. Y. 297, 309; also letter dated November 21, 1963, from Presiding Justices of the Appellate Divisions, First and Second Departments, to the Mayor requesting that he instruct the Commissioner of Investigation to continue his supervision of the activities of Marshals which request was honored.) And by logical extension that power reaches any person, even though unconnected with city employment, when there are grounds present to sustain a belief such person has information relative to the subject

matter of the investigation. (*Matter of Edge Ho Holding Corp.*, 256 N. Y. 374, 380.) Nor are bank books beyond the reach of a proper subpœna. However, in the matter before us, since there is no indication the petitioner had any association with the matter under scrutiny until April, 1967, it seems more appropriate to confine the effectiveness of the subpœna to a date commencing from April 1, 1967. Concur — Stevens, J. P., Steuer, Tilzer, McGivern and Rabin, JJ.