MAURICE H. HARTIGAN et al., Individually and as
Copartners under the Firm Name of HARTIGAN &
DWYER, Respondents, *v.* CASUALTY COMPANY OF
AMERICA, Appellant.

**Insurance (liability) — construction of policy — appeal —
if terms of policy are unambiguous its construction is a question
of law reviewable by the Court of Appeals — partnership as
legal entity — where an automobile liability policy insured a
firm, as such, and under the firm name, the insurer is not
liable for damages for a death caused by the automobile while
loaned to another firm of which the members of the insured
firm were members.**

. 1. If the terms of a policy of liability insurance are unambiguous,
its construction is a question of law for the court, which survives the
unanimous decision of the Appellate Division and is subject to review
by the Court of Appeals.

2. An automobile liability policy insured plaintiffs under their
firm name and as a firm doing business as a department store merchant
at a designated place in a designated city, against " loss and expense
by reason of claims made upon the assured " by reason of accidents
by any person by reason of " the ownership, maintenance or use "
of a delivery automobile described in the policy.    The firm so insured
consisted of two copartners who with a third person as a partner
formed another partnership which conducted a department store in
another city.    While the automobile was being used temporarily in
the business of the latter firm in the last-mentioned city and driven
by an employee of that firm, a child was run over and killed.    The
plaintiffs individually paid two-thirds of the amount for which the
claim was settled and brought this action to recover the amount thus
paid.    The terms of the policy are unambiguous and limit the liability
of the insurer to accidents which occurred while the automobile was
used in the firm business of the firm named in the policy.    Hence
the policy cannot be so construed as to bring within its terms the
individual liability of the plaintiffs as members of the other partner-
ship for the injury arising out of the accident.

3. The fiction that a partnership is a legal entity is recognized
among business men and in construing commercial contracts.

*Hartigan* v. *Casualty Co. of America,* 178 App. Div. 942, reversed.

(Argued October 13, 1919; decided October 21, 1919.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered May 3, 1917, affirming a judgment in favor of plaintiffs entered upon a decision of the court at a Trial Term without a jury.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Colin McLennan, M. J. Wright* and *Clarence H. Fay* for appellant. The contract of insurance indemnified only the firm of Hartigan & Dwyer. The insurer contemplated only the risk incident to the use of the automobile by that firm, and cannot be held to have contemplated any other or greater hazard. (*Cornell* v. *Travelers' Ins. Co.*, 175 N. Y. 239; *Cremo Light Co.* v. *Parker*, 118 App. Div. 845; *Dundee Chemical Works* v. *N. Y. Ins. Co.*, 12 Misc. Rep. 353; *G. F. Ins. Co.* v. *Home Ins. Co.*, 144 N. Y. 195; *Dey* v. *Poughkeepsie Ins. Co.*, 23 Barb. 623; *Royal Ins. Co.* v. *Martin*, 192 U. S. 149; *Malley* v. *Atl. Ins. Co.*, 51 Conn. 222; *Biggs* v. *Ins. Co.*, 88 N. C. 141; *G. F. Ins. Co.* v. *H. Ins. Co.*, 144 N. Y. 195; *White* v. *Maryland Casualty Co.*, 139 App. Div. 179; 206 N. Y. 704.) The finding of the trial court that the defendant insured " the plaintiffs and each of them " is inconsistent with the terms of the contract as found and pleaded, and the defendant duly excepted to this finding. The policy clearly and plainly limited the defendant's liability as indemnitor to the copartnership of Hartigan & Dwyer and the question is open for review. (*Poel* v. *Brunswick-Balke-Collender Co.*, 216 N. Y. 310; *Cont. Ins. Co.* v. *N. Y. & Harlem R. R. Co.*, 187 N. Y. 225; *Kelly* v. *Security Mutual Life Ins. Co.*, 186 N. Y. 16.)

*William E. Woollard* and *Louis J. Rezzemini* for respondents. The decision of the Appellate Division being unanimous, the findings of fact made by the trial court are conclusive on this appeal. (N. Y. Const. art. 6, § 9; Code Civ. Pro. § 191, subd. 3; *Genet* v. *D. &*

*H. Canal Co.*, 167 N. Y. 608; *Kissam* v. *U. S. Printing Co.*, 199 N. Y. 76; *Matter of Plass* v. *C. N. E. Ry. Co.*, 226 N. Y. 449; *McManus* v. *McManus*, 179 N. Y. 338; *Ide* v. *Brown*, 178 N. Y. 26.) In construing the policy all doubts must be resolved in favor of the insured. (*Rolker* v. *Great Western Ins. Co.*, 4 Abb. Ct. App. Dec. 76, 82; *Hoffman* v. *Ætna F. Ins. Co.*, 32 N. Y. 405; *Rickerson* v. *Hartford Fire Ins. Co.*, 149 N. Y. 307; *Imperial Shale Brick Co.* v. *Jewett*, 169 N. Y. 143; *Michael* v. *Prussian Nat. Ins. Co.*, 171 N. Y. 25; *Coykendall* v. *Blackmer*, 161 App. Div. 11, 18; *Cary Brick Co.* v. *Fidelity, etc., Co.*, 162 App. Div. 873; *McLaughlin* v. *W. C. Mut. Ins. Co.*, 23 Wend. 525; *Griffey* v. *New York Cent. Ins. Co.*, 100 N. Y. 417; *Herman* v. *Merchants' Ins. Co.*, 81 N. Y. 184; *Baley* v. *Homestead F. Ins. Co.*, 80 N. Y. 21; *Press Pub. Co.* v. *General Acc., etc., Assur. Corp.*, 160 App. Div. 537, 540.) The policy covers a loss sustained by plaintiffs as individuals. (*Jones* v. *Blun*, 145 N. Y. 333; *Matter of Peck*, 206 N. Y. 55; *Kavanaugh* v. *McIntyre*, 210 N. Y. 175; *Roberts* v. *Johnson*, 58 N. Y. 613.)

POUND, J. Defendant issued an automobile liability policy insuring " Hartigan & Dwyer, No. 85–91 Congress St., Troy, Rensselaer County, New York, Department store merchant," against " loss and expense by reason of claims made upon the assured " by reason of accidents suffered by any person by reason of " the ownership, maintenance or use " of a delivery automobile described in the policy. Hartigan & Dwyer is a copartnership composed of Maurice H. Hartigan and Joseph E. Dwyer. The copartnership of Hartigan, Dwyer & O'Brien consists of the same individuals as the firm of Hartigan & Dwyer and one John J. O'Brien. It conducts a department store in Albany. When the automobile was being used in the business of the Albany firm and driven by an employee of that firm, a child was run over and killed.

12

The plaintiffs paid two-thirds of the amount for which the claim against the Albany firm arising out of the accident was settled and have maintained successfully an action on the policy to recover the amount thus paid by them. The question is whether the policy may be so construed as to bring within its terms such individual liability.

The plaintiffs direct attention to the findings of fact, unanimously affirmed, that the policy insures the plaintiffs " and each of them " and that at the time of the accident the automobile was in use " by an agent of the plaintiffs and one John J. O'Brien." The policy is incorporated in the decision. If its terms are unambiguous, its construction is a question of law for the court, which survives the unanimous decision of the Appellate Division and is subject to review by this court. (*Poel* v. *Brunswick-Balke-Collender Co.*, 216 N. Y. 310.)

We think that the terms of the policy are unambiguous and limit the liability of the insurer to accidents which happen while the automobile is being used on the firm business of Hartigan & Dwyer.

The plaintiffs have succeeded on the theory that they are individually liable for the torts of the firm of Hartigan, Dwyer & O'Brien (*Matter of Peck*, 206 N. Y. 55), but it is the firm of Hartigan & Dwyer, described in the policy as " department store merchant," that is insured and that firm has committed no wrong and incurred no liability. Hartigan and Dwyer, as individual members of the firm of Hartigan, Dwyer & O'Brien, are not insured against liability for the acts of that firm. When a partnership is established, the liability of the individual partners is an incident of the partnership, merely, not a separate and independent liability. The policy protects Hartigan & Dwyer from loss by reason of automobile accidents for which their partnership is liable and to that extent protects them individually as members of such firm; but the Troy partnership as such is not a

member of and is not liable for the torts of the Albany partnership.

Furthermore, for the purpose of keeping partnership accounts, merchants constantly resort to the fiction that a partnership is a legal entity, separate and distinct from the partners therein.   This rule of convenience is particularly serviceable to keep apart two firms having a common member.  (*Jones* v. *Blun,* 145 N. Y. 333.)   The partnerships in this case are not for all purposes to be regarded as legal entities, but for the purpose of ascertaining the intention of the parties to the policy herein, we are governed by common parlance rather than legal parlance.

Speaking of a mortgage executed by John Thompson to secure the payment of all promissory notes made by him, this court said: "We think that among business men a distinction is made between the firm, as an entity, and the members who compose it, and that this language would not be understood as broad enough to cover the indebtedness of a firm of which Thompson was a member, and for whose debts, jointly with the other members of the firm, he could be made responsible." (*Bank of Buffalo* v. *Thompson,* 121 N. Y. 280, 283.)   So here, we think that among business men a distinction is made between the firm of Hartigan & Dwyer and the members who compose it and that the policy is not broad enough to cover the liability of the members of the firm for which the firm itself was not liable.

The fact that the courts below have read the policy otherwise and found it susceptible of another meaning is urged as establishing the fact that reasonable and intelligent men may honestly differ as to its meaning and that it must, therefore, be construed against the insurer. It is, however, for this court to say, as matter of law, whether reasonable men may reasonably differ as to such meaning, or whether the indulgence of the lower courts has not written a new contract for the parties and extended the defendant's liability beyond the plain and unam-

biguous language of the policy. As a legal proposition, we must first find that the contract is ambiguous, before we may apply the rules governing the construction of ambiguous contracts.

The judgments should be reversed and complaint dismissed, with costs in all courts.

HISCOCK, Ch. J., CHASE, COLLIN, CARDOZO, CRANE and ANDREWS, JJ., concur.

Judgments reversed, etc.