GEORGE B. COMFORT, JR., and Another, Plaintiffs, *v.* IRA McCORKLE, Defendant.

Supreme Court, Chemung County, December 22, 1933.

*Philips & Carey* [*Walter C. Carey* of counsel], for the defendant, for motions.

*Stanchfield, Collin, Lovell & Sayles* [*Halsey Sayles* and *Charles H. Githler* of counsel], for the plaintiffs, opposed.

PERSONIUS, J. The plaintiffs owned a farm and the buildings were insured by the Bankers and Shippers Insurance Company under a policy issued by the defendant as its agent. The loss was payable to Ida J. Dennis, first mortgagee, and to the defendant, second mortgagee, as their interests should appear. The house was burned. Thereafter Leman Comfort, plaintiffs' son and representative, saw the defendant. The son testified that he asked the defendant if he would file the claim, that the defendant said, " yes," and that the son then said, " I leave it up to you." The defendant denies this conversation. Concededly the defendant gave the notice required by the policy and told the plaintiffs' son that he had done so. Whatever the court's conclusion might have been we feel bound by the verdict of the jury in favor of the plaintiffs. It found that the conversation occurred as related by the son. But for the alleged agreement in this conversation, the defendant mortgagee was under no obligation to file proofs of loss until " sixty days after notice of " the insured's failure to do so. The policy so provided (Lines 112–115).

Neither party filed proofs of loss. The plaintiffs collected no insurance but the insurer paid the mortgagees and took assignments pursuant to the provisions of the mortgagee clause.

The defendant says the alleged promise of the defendant to file the proofs of loss was without consideration and at most constituted the defendant a gratuitous agent, not liable for his failure to perform his promise, *i. e.*, for *nonfeasance*.

A gratuitous promisor *who undertakes to perform his promise but performs negligently* is guilty of *misfeasance* and may be held liable. (*Siegel* v. *Spear & Co.*, 234 N. Y. 479; *Smedes* v. *Utica Bank*, 20 Johns. 372, 379; *Miller* v. *International Harvester Co.*, 193 App. Div. 258; *Glanzer* v. *Shepard*, 233 N. Y. 236; *Marks* v. *Nambil Realty Co., Inc.*, 245 id. 256; *Barile* v. *Wright*, 256 id. 1, 5.) Plaintiffs' recovery cannot be sustained on this theory. The defendant never attempted to perform. He did not obtain an appraisal of the burned house or take any other step preparatory to or in connection with the filing of proofs of loss.

Defendant relies on *Thorne* v. *Deas* (4 Johns. 84), where it was held that a gratuitous promisor *who wholly omits to perform his promise* is not liable, notwithstanding the promisee may have sustained damage. In that case the plaintiffs and the defendant

owned a brig. One plaintiff requested the defendant to have it insured. The latter promised to do so but failed. After it sailed the other plaintiff told the defendant that if the latter would not obtain the insurance immediately, he, the plaintiff, would. The defendant again promised but again failed to take out the insurance. The brig was lost and the plaintiffs sued the defendant on his promise. In an opinion by KENT, Ch. J., the court held that the plaintiffs could not recover. In part it said (at p. 97): " one who undertakes to do an act for another, without reward, is not answerable for omitting to do the act, and is only responsible when he attempts to do it, and does it amiss. In other words, he is responsible for a *misfeasance* but not for a *nonfeasance*, even though special damages are averred." Again (at p. 100): " There is, then, no just reason to infer, from the ancient authorities, that such a promise as the one before us is good, without showing a consideration. The whole current of the decisions runs the other way."

The above case seems parallel to the present. There the defendant promised to take out insurance; his failure resulted in the plaintiffs' inability to collect. Here the defendant promised to file proofs of loss; his failure resulted in the plaintiffs' inability to collect. That authority is, we think, controlling unless later cases have modified the general rule of consideration there enunciated.

*Thorne* v. *Deas (supra)*, though frequently cited in early and recent cases (*Smedes* v. *Utica Bank*, 20 Johns. 372, 379; *Miller* v. *International Harvester Co.*, 193 App. Div. 258, 267; *Tucker* v. *Wagner*, 132 Misc. 402, 404; *Glanzer* v. *Shepard*, 233 N. Y. 336, 339, 340; *Marks* v. *Nambil Realty Co., Inc.*, 245 id. 256, 258; Clark N. Y. Law of Cont. § 249, p. 366; *Harriman* v. *N. Y., C. & St. L. R. R. Co.*, 253 N. Y. 398, 402), has, so far as we can discern, never been overruled or limited, though the question of its being limited has been expressly left open in *Siegel* v. *Spear & Co.* (234 N. Y. 479, 484). There the defendant held chattel mortgages on plaintiff's furniture. The plaintiff was about to leave the city. It was arranged that the defendant should take the plaintiff's furniture in its trucks to its storehouse and keep it free of charge. As part of the arrangement the defendant agreed to insure the furniture for the plaintiff's benefit. The furniture was stored but not insured, and thereafter burned. The plaintiff sued to recover his loss. The court held that the promise to insure was *part* of the whole transaction, and that the defendant, *having entered upon the execution* of its promise to store and insure, was liable for its misfeasance in failing to insure. It said (at p. 483): " If a person makes a gratuitous promise, and then enters upon the performance of it, he is held to a full execution of all he has undertaken." *Thorne* v. *Deas (supra)*

was not overruled but distinguished (at p. 482): " The defendant * * * entered upon the execution of the trust. It is in this particular that this case differs from *Thorne* v. *Deas.*" After holding the defendant liable because it had undertaken to perform its promise the court continued (at p. 483): " This renders it unnecessary to determine whether the plaintiff in refraining from insuring through his own agent at the suggestion of [defendant] surrendered any right which would furnish a consideration for [defendant's] promise. * * * whether or not we would feel bound to follow it [*Thorne* v. *Deas*] today must be left open until the question comes properly before us."

*Siegel* v. *Spear & Co. (supra)*, therefore, leaves open the question whether the general law of consideration — the principle that a gratuitous promisor cannot be held for nonfeasance because of lack of consideration — as laid down in *Thorne* v. *Deas (supra)* is to be followed " today." Likewise in *Barile* v. *Wright* (256 N. Y. 1), the court by CARDOZO, Ch. J., held that a gratuitous agent to obtain insurance was liable for misfeasance, but said (at p. 5): " We do not need to inquire whether he would have been chargeable with damages if he had ignored his promise altogether and failed to take out any policy whatever."

The plaintiffs rely on *Hamer* v. *Sidway* (124 N. Y. 538). There the defendant's testator promised his nephew that if he [the nephew] would refrain from drinking, using tobacco, swearing and playing cards or billiards for money, until he should become twenty-one years of age, he would pay him the sum of $5,000. The nephew assented thereto and fully performed the conditions inducing the promise. Recovery on this promise was allowed, the court saying (at p. 545): " It is enough that something is * * * forborne * * * by the party to whom the promise is made as consideration for the promise made to him." This case is cited with approval in *Matter of Cole* (202 App. Div. 546) and *Werner* v. *Werner* (169 id. 9, 15). It has not, however, escaped criticism. (*Allegheny College* v. *Nat. Chautauqua Co. Bank*, 246 N. Y. 369.) That case involved the validity of a charitable subscription. At page 373 CARDOZO, Ch. J., says: " A classic form of statement identifies consideration with detriment to the promisee sustained by virtue of the promise (*Hamer* v. *Sidway*, 124 N. Y. 583). * * * So compendious a formula is little more than a half truth. There is need of many a supplementary gloss before the outline can be so filled in as to depict the classic doctrine. ' The promise and the consideration must purport to be the motive each for the other, in whole or at least in part. It is not enough that the promise induces the detriment or that the detriment induces the promise

if the other half is wanting' [Citing cases.] If A promises B to make him a gift, consideration may be lacking, though B has renounced other opportunities for betterment in the faith that the promise will be kept.

"The half truths of one generation tend at times to perpetuate themselves in the law as the whole truths of another, when constant repetition brings it about that qualifications, taken once for granted, are disregarded or forgotton. The doctrine of consideration has not escaped the common lot. As far back as 1881, Judge HOLMES in his lectures on the Common Law (p. 292), separated the detriment which is merely a consequence of the promise from the detriment which is in truth the motive or inducement, and yet added that the courts 'have gone far in obliterating this distinction.' The tendency toward effacement has not lessened with the years. On the contrary, there has grown up of recent days a doctrine that a substitute for consideration or an exception to its ordinary requirements can be found in what is styled a 'promissory estoppel' (Willston, Contracts, §§ 139, 116). Whether the exception has made its way in this State to such an extent as to permit us to say that the general law of consideration has been modified accordingly, we do not now attempt to say. Cases such as *Siegel* v. *Spear & Co.* (254 N. Y. 479) and *DiCicco* v. *Schweizer* (221 N. Y. 431) may be signposts on the road. Certain, at least, it is that we have adopted the doctrine of promissory estoppel as the equivalent of consideration in connection with our law of charitable subscriptions."

If we correctly read the above quotation, the court says that *Hamer* v. *Sidway* comes within the doctrine styled "a promissory estoppel," which in turn is "a substitute for consideration or an exception to its ordinary requirements," but the court holds that this doctrine has so far been applied only in connection with the law of charitable subscriptions. The above case does "not now attempt to say" whether this exception — "a promissory estoppel" — has modified "the general law of consideration."

So whether we approach the question under consideration through *Thorne* v. *Deas (supra)* and *Siegel* v. *Spear & Co. (supra)*, or through *Hamer* v. *Sidway* and *Allegheny College* v. *National Chautauqua County Bank (supra)*, we find still open the question — is the general law of consideration relieving a gratuitous promisor from liability for nonfeasance, limited by the doctrine of promissory estoppel in all cases, including the present, or only in cases of charitable subscriptions and the like? The Court of Appeals having, in *Siegel* v. *Spear & Co. (supra)* and *Barile* v. *Wright (supra)* declined to overrule *Thorne* v. *Deas (supra)*, and having, in *Alle-*

*gheny College* v. *Nat. Chautauqua Co. Bank* (*supra*), extended the doctrine of promissory estoppel only to the law relating to charitable subscriptions, we think we should go no further. We, therefore, hold that the doctrine of *Thorne* v. *Deas* (*supra*) is controlling in the present case and that the defendant not being guilty of misfeasance, and at most only of nonfeasance, is not liable to the plaintiffs.

We are not unmindful of section 90 of the Restatement of the Law of Contracts: " A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." But the New York Annotations thereto say: " This section announces a rule of promissory estoppel, applicable to charitable subscriptions, promises to make gifts, etc."

Plaintiffs argue that *Thorne* v. *Deas* (*supra*) differs from the present case because defendant here " had an interest " in the subject-matter, being a mortgagee, but Deas had an interest, being a one-half owner of the property he failed to insure.

To approach the question from a different view — " Nothing is consideration that is not regarded as such by both parties." (*Walton Water Co.* v. *Village of Walton,* 238 N. Y. 46, 51; *Banning Co.* v. *California,* 240 U. S. 142, 153; *Fire Insurance Assn.* v. *Wickham,* 141 id. 564, 579; *DeCicco* v. *Schweizer,* 221 N. Y. 431, 438; *Wisconsin, etc., Co.* v. *Powers,* 191 U. S. 379, 386.) " The promise and the consideration must purport to be the motive, each for the other * * *. It is not enough that the promise induces the detriment or that the detriment induces the promise if the other half is wanting." (*Allegheny College* v. *National Chautauqua County Bank,* 246 N. Y. 369, 373.) In line with these principles, it is said: " Mere forbearance without request is insufficient. * * * a detriment incurred in reliance on a promise is not valid consideration unless the detriment was requested as consideration." (Williston Cont. § 136, pp. 300, 301; § 139, p. 308; *Walton Water Co.* v. *Village of Walton,* 207 App. Div. 708, 712.) The latter case was reversed but not on the principle expressed. In the present case the defendant did not *request* the plaintiffs to refrain from filing proofs, nor exact a promise that the plaintiffs would so refrain. The plaintiffs did not so promise. All that their representative-son said was: " I leave it up to you." The plaintiffs could have filed immediately. They neither gave up nor promised to give up that right. The defendant was not interested in having the plaintiffs refrain from filing proofs and did not request

it. It was neither the " motive " of, nor regarded by the defendant as consideration for, his promise if made.

We do not deem it necessary to consider the defendant's contention that the alleged promise was one impossible for the defendant to perform or his contention that the plaintiffs could have recovered from the insurance company on the ground of waiver even though the proofs were not filed. The policy does require the insured to sign and swear to the proofs. " These requirements manifestly will not be met by a statement and affidavit of any other person than the insured, provided it is possible for them to be given by him." (Vance Ins. 789.)

Submit an order granting the motion to set aside the verdict and the motion to dismiss the complaint.