## PATENT & LICENSING CORPORATION v. OLSEN.

District Court, S. D. New York.
Feb. 14, 1947.

182

Sullivan & Cromwell, of New York City, for plaintiff.

Alexander & Green, of New York City (William R. McDermott, of New York City, of counsel), for defendant.

GODDARD, District Judge.

These are two motions by plaintiff; One, for summary judgment on a counterclaim and the other to dismiss a defense as being insufficient in law. Both motions are based on a contract dated April 19, 1941, which the parties stipulate was made in and to be performed in New York.

The complaint seeks specific performance of the contract to assign to plaintiff all defendant's right, title and interest in and to certain inventions. The contract also provided for the employment of the defendant, as well as the grant by the defendant to the plaintiff of certain licenses on pending patents.

█ The defendant's counterclaim alleges that the contract provided that the plaintiff should pay the defendant bi-weekly compensation; that the plaintiff had the right to terminate the Agreement at any time by giving ninety days prior written notice to the defendant; that the plaintiff terminated the Agreement on January 31, 1946, without giving defendant ninety days prior written notice. As a result the defendant claims the sum of $1,235.70. Both parties urge that no question of fact is involved and that it is purely a question of law. It is clear that in accordance with Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, the law of New York is applicable.

█ The law of the State of New York is that:

"'Construction of a plain contract is for the court. The intention of the parties is found in the language used to express such intention. Hartigan v. Casualty Co. of America, 227 N.Y. 175, 124 N.E. 789. If the court finds as a matter of law that the contract is unambiguous, evidence of the intention and acts of the parties plays no part in the decision of the case. Plain and unambiguous words, undisputed facts, leave no question of construction except for the court. The conduct of the parties may fix a meaning to words of doubtful import. It may not change the terms of the contract.' Brainard v. New York Cent. R. Co., 242 N.Y. 125, 135, 151 N.E. 152, 154, 45 A.L.R. 751." Gearns v. Commercial Cable Co., 293 N.Y. 105, 109, 56 N.E.2d 67, 69, 153 A.L.R. 813.

The contract consists of two parts. The first part is an agreement of employment between plaintiff and defendant, the pertinent parts of which read as follows:

"I. (a) Subject to the conditions hereof, P & L agrees to employ Olsen for a period not to exceed one year from the date hereof * * *. It is understood and agreed, however, that P & L shall have the right to terminate the said employment of Olsen at any time, and that in the event it terminates his employment prior to one year from the date hereof, such termination (but not termination by Olsen of his own accord or volition) shall be deemed to effect a cancellation of this entire agreement and of the respective rights and obligations of the parties hereto."

It also provides that the defendant will assign to the plaintiff any inventions made by him during the period of his employment.

The second part of the contract is an agreement between plaintiff, defendant and Olsen Products Company to license certain patents to the plaintiff on terms and conditions set forth in Paragraphs 2 et seq.

Paragraph 9 of the agreement, upon which defendant relies, provides:

"Unless terminated prior to one year from the date hereof in accordance with the provisions of paragraph 1 hereof, P & L shall have the right to terminate this Agreement at any time thereafter by giving ninety (90) days prior written notice thereof to Olsen."

By letter of January 15, 1946, plaintiff advised defendant that his employment would be terminated on January 31, 1946. Although it appears that the contract provided that Olsen's employment was not to exceed one year, he continued to work for the plaintiff and was paid for his services until January 31, 1946.

█ Under New York law "if a person is employed for a definite period of time

at a fixed wage or commission and continues in the same employ after the expiration of the original period, there is a presumption that his employment has been renewed for another term of the same length as the original one and upon the same conditions. This presumption may be overcome by proof of a new agreement or of facts showing that the parties intended otherwise. Adams v. Fitzpatrick, 125 N.Y. 124, 26 N.E. 143; Wood, Master and Servant, 2d Ed., § 96; Mecham Agency, 2d Ed., § 605." Pohlers v. Exeter Mfg. Co., City Ct., 52 N.Y.S.2d 316, 317.

■ Therefore as each year rolled around, it was presumed that the defendant was employed for another year upon the same conditions as applied to the first year, namely, that the plaintiff could terminate defendant's service at any time.

■ Although he now contends that his intention expressed prior to the written contract does not agree with the terms of the contract as executed, it is settled that he cannot now vary the intention as found from the language used to express such intention in the written contract. Hartigan v. Casualty Co. of America, 227 N.Y. 175, 124 N.E. 789; Companhia De Navegacao Lloyd Brasileiro v. C. G. Blake Co., 2 Cir., 34 F.2d 616.

The ninety day notice does not apply to the hiring of the defendant, and plaintiff was at liberty to terminate it without giving defendant that notice.

The motion to dismiss the defendant's counterclaim should be granted.

Plaintiff's other motion is to strike defendant's affirmative defense on the ground that it is insufficient as a matter of law.

The complaint seeks specific performance of the contract which provided among other things that the defendant was to assign certain patents to the plaintiff pursuant to the terms and conditions of the contract.

The defendant sets forth an affirmative defense alleging that the defendant is principal stockholder and President of Olsen Products Company; Olsen Products Company was also a party to the contract between plaintiff and defendant; that the contract between the parties provided that during the second year of the contract plaintiff would pay to Olsen Products certain royalties and that in the event the royalties failed to aggregate the sum of $5,000 during the twelve months of the second year, Olsen Products Company should have the right to terminate the contract unless the plaintiff, upon receipt of the termination notice, paid to Olsen Products Company the difference between the royalties actually paid and the sum of $5,000; plaintiff was under no obligation to pay the difference; that during the second year of the contract plaintiff failed to pay royalties aggregating the sum of $5,000 and that thereafter Olsen and Olsen Products Company notified plaintiff of their intention to terminate the contract; that upon receipt of such notice plaintiff represented to defendant Olsen and Olsen Products Company that if defendant and Olsen Products Company refrained from exercising their right to terminate the Agreement, plaintiff would at the end of the war and upon the resumption of building activities pay to Olsen Products Company a guaranteed minimum royalty of $5,000 a year; that relying on this representation defendant Olsen and Olsen Products Company did refrain from exercising their right to terminate the agreement and Olsen continued in the employ of the plaintiff; that upon resumption of building activities at the conclusion of the war and on or about January 1, 1946, plaintiff terminated the contract between the parties. The affirmative defense then reads—"that by reason of the premises plaintiff is estopped from asserting any claim against defendant arising out of said contract and has waived any and all its rights arising out of the said contract".

The plaintiff contends that this is a defense of promissory estoppel arising out of a promise or representation as to future events allegedly made in connection with a commercial transaction and hence it is insufficient as a matter of law, citing James Baird Co. v. Gimbel Bros., 2 Cir., 64 F.2d 344; Jelliffe v. Thaw, 2 Cir., 67 F.2d 880; Quincy & Co. Arbitrage Corporation v. Cities Service Co., 156 Misc. 83, 89, 282 N.Y.S. 294; Allegheny College v. National Chautauqua Company Bank of Jamestown, 246 N.Y. 369, 159 N.E. 173, 57 A.L.R. 980;

Comfort v. McCorkle, 149 Misc. 826, 268 N.Y.S. 192; In re Watson's Estate, 177 Misc. 308, 30 N.Y.S.2d 577. But in all of these cases the party urging the application of promissory estoppel was seeking affirmative relief.

■ Here the estoppel is only by way of defense and is an equitable estoppel, 31 C.J.S., Estoppel, § 59; Oswego Falls Corporation v. City of Fulton, 148 Misc. 170, 265 N.Y.S. 436, affirmed 241 App.Div. 650, 268 N.Y.S. 978, and hence may be a sufficient defense to a claim for specific performance. Pomeroy, Equity Jurisprudence, 5th Ed., Vol. 3, § 877 (c) p. 438; Selzer v. Baker, 295 N.Y. 145, 149, 65 N.E.2d 752, 753, 754.

Plaintiff's motion to dismiss the counterclaim is granted and its motion to strike defendant's affirmative defense is denied.

Settle order on notice.