Samuel W. Eager, J.
This is a motion alleged to he made pursuant to provisions of section 1452 of the Civil Practice Act for appointment of an arbitrator to arbitrate an alleged controversy arising between the parties to a construction subcontract. The provisions of the contract with relation to arbitration were as follows: ‘ ‘ Any controversy or claim arising out of, or relating to, this Subcontract or the breach thereof, shall be settled by arbitration, in accordance with the Rules of the New York Building Congress, Inc., and judgment upon the award rendered may be entered in any Court having jurisdiction thereof. ’ ’
It does appear that, at the time of the maidng of the contract, the New York Building Congress, Inc. was engaged in the supervising and conducting of the arbitration of building and construction disputes, and had prescribed detailed rules of procedure applicable to the arbitration of disputes. Such rules, specifically referred to in the contract as aforesaid, are deemed a part thereof.
The contract, however, did not name an arbitrator or arbitrators and contained no specific provision for selection of same. *325 There were, however, provisions in the rules of the New York Building Congress, Inc. for selection of arbitrators from a panel of arbitrators maintained by the arbitration committee of said New York Building Congress, Inc. There has been no attempt to comply with the method prescribed by such provisions for selection of arbitrators and it is undisputed that the arbitration process pursuant to the rules of the New York Building Congress, Inc. has now been discontinued and that its facilities are not available to these parties.
The parties will not now agree on the selection of an arbitrator or arbitrators, and, under the circumstances, it is the position of the petitioner that “ a vacancy exists in the office of the arbitrator, which vacancy the Court is empowered to fill, under the provisions of C. P. A., Section 1452.” On the other hand, the respondent contends that section 1452 is not applicable and that, inasmuch as arbitration may not be had in accordance with the contract of the parties, the court may not compel arbitration.
Whether or not this is a case where the provisions of section 1452 of the Civil Practice Act may be invoked, depends upon whether or not it appears that the parties to this contract intended to proceed to arbitration at all events notwithstanding a frustration of their provision for the application of the rules of the New York Building Congress, Inc. (See Matter of Marchant v. Mead-Morrison Mfg. Co., 252 N. Y. 284, 295, 296.) If the intention of the parties in this connection is not made clear by the terms of the contract, the court should hold a hearing to receive testimony and relevant proofs for the purpose of ascertaining their intention. (See Matter of Golenbock [Komoroff], 2 A D 2d 742.) But, “ when a contract is clear in and of itself, circumstances extrinsic to the document may not be considered ’ ’ (Bethlehem Steel Co. v. Turner Constr. Co., 2 N Y 2d 456, 460) and the intention of the parties is to be found in the language used. (Hartigan v. Casualty Co. of America, 227 N. Y. 175.) The court is bound by the clear and unambiguous terms of the contract, and an agreement of parties for arbitration may not be extended by construction or implication. (Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.], 306 N. Y. 288, 289.) The power of the court to order arbitration is limited by the agreement which the parties made.
In the contract here, the parties expressly agreed that the arbitration of disputes arising under the agrément was to be had in accordance with particular rules providing for a method of selection of arbitrators and providing in detail as to the procedure to be followed on the arbitration. Here, the intention *326 to arbitrate is “so wedded to the means that- the failure of the one will be the destruction of the other ”. (See Matter of Marchant v. Mead-Morrison Mfg. Co., supra, p. 296.) Therefore, inasmuch as the parties concede that it is now impossible to have an arbitration in accordance with the rules of the New York Building Congress, Inc., the provisions for arbitration fall and the parties are relegated to their remedies in the courts. To hold otherwise, would amount to an unjustified modification or extension of the agreement of the parties by court'decree.
Motion denied. Settle order on notice.