710

■ In the Matter of the Arbitration between DELMA ENGINEERING CORP., Appellant, and K & L CONSTRUCTION Co., Respondent.— Appeal from an order denying appellant's application (1) to appoint a substitute arbitrator, (2) to direct that arbitration proceed before said arbitrator, and (3) to stay an action at law brought by respondent. The contract between the parties provided for arbitration of controversies in accordance with the rules of the New York Building Congress, Inc. A controversy having arisen, application was made to the Building Congress for arbitration, which was refused because (a) it had discontinued arbitration procedures some time prior thereto, and (b) neither disputant was a member of the Building Congress. Appellant thereupon made this application to stay an action at law brought by respondent to recover a balance claimed to be due to it and to direct arbitration. The basis for the application was that a vacancy existed in the office of arbitrator, which the court was empowered to fill (Civ. Prac. Act, § 1452). The Special Term denied the application, holding that the intention in the contract was to arbitrate only in accordance with the rules of the Building Congress and, since that was impossible, the provisions for arbitration failed and the parties were relegated to their remedies in the courts. Order reversed, without costs, and proceeding remitted to the Special Term for further action as indicated herein. There was no agreement here to arbitrate before particular arbitrators. The dominant intent was to arbitrate, with the machinery of selection of the arbitrators subordinate and incidental. The court in its discretion may appoint arbitrators from the former panel used by the New York Building Congress, Inc., at the time it engaged in arbitration. It is not denied that, where a contract provided for arbitration under the rules of the Building Congress, its arbitration committee customarily appointed three arbitrators. Therefore, the court should appoint three arbitrators of its own selection, to whom the controversy may be submitted for determination. Under the circumstances the prosecution of the action brought by respondent should be stayed pending the determination of the arbitrators. Nolan, P. J., Wenzel, Beldock, Hallinan and Kleinfeld, JJ., concur. [9 Misc 2d 324.]

■ In the Matter of EDWARD C. MOFFETT, Petitioner, against JOSEPH P. KELLY, as Commissioner of Motor Vehicles of the State of New York, Respondent.— Proceeding pursuant to article 78 of the Civil Practice Act to review the determinations of the hearing referee of the Motor Vehicle Bureau and of the Commissioner of Motor Vehicles suspending petitioner's license for 15 days based on a finding that he was guilty of gross negligence (Vehicle and Traffic Law, § 71, subd. 3, par. [e]). The proceeding has been transferred to this court (Civ. Prac. Act, § 1296). The determination to suspend petitioner's license was made by the referee on January 4, 1957. On request for review, the Commissioner of Motor Vehicles sustained the decision of the referee on March 1, 1957. This proceeding was commenced June 7, 1957. Petitioner claims that the four-month time limitation within which to commence a proceeding pursuant to article 78 began to run on March 1, 1957. Proceeding dismissed, without costs. The determination of January 4, 1957 was the final and binding determination to be reviewed in the proceeding. (Vehicle and Traffic Law, § 71, subds. 1, 6.) This proceeding, commenced more than four months after January 4, 1957, was not timely. (Civ. Prac. Act, § 1286.) Accordingly, we do not reach the merits of the proceeding. Present — Beldock, Murphy, Ughetta and Hallinan, JJ.; Nolan, P. J., not voting.