Wachtler, J.
(dissenting). I cannot agree with the majority that the term "described premises” is unambiguous as it appears in the policy provision in question.
The property owner, whose home was looted, seeks to recover from his insurance carrier. The insurance company claims that since the culprit was a tenant of the carriage house located on the insured’s property, coverage is excluded under the policy. The exclusion clause relied on by the carrier reads:
"This policy does not insure against loss or damage:
"A. caused by theft:
* * *
"2. of property by any relative of the Insured or by any tenant of the described premises.” (Section one, part IV, par A [2].)
The question presented is whether this clause is free from ambiguity. Surely the phrase "described premises”, without express definition, does not import a clear meaning. Concededly it could mean the entire premises, including the main dwelling and the carriage house as the insurance company argues. However, it could just as easily be construed to refer only to the main dwelling. One cannot be sure. Yet, although numerous other terms are clarified such as "insured premises” and "residence premises” in the policy’s definitional section (section one, part VIII, par A [2], [3]), inexplicably no definition is provided for "described premises”.
A reading of the entire insurance policy, rather than supporting the insurance company’s construction of the term, engenders additional confusion. Notably the policy defines "residence premises” as "a one or two family dwelling building, appurtenant structures, grounds and private approaches thereto”. Thus "residence premises” means exactly what the carrier contends "described premises” should mean. It is puzzling why the carrier neglected to use the unambiguous term "residence premises” if that is what it meant to express.
Another provision of the policy which casts doubt upon the insurance company’s position, Coverage B, insures "appurtenant structures owned by the Insured and which are located on the described premises” (section one, part I, par B). For *357 purposes of this provision, appurtenant structures are not subsumed by the term "described premises”, but are rather located on and distinct from the "described premises”. It would be unreasonable to conclude, absent any contextual difference, that the same term has a more inclusive meaning as it appears in the provision in question.
Attempting to clarify the ambiguity, the majority relies most heavily on the face sheet of the policy which states: "The described premises are located at the above address [R. D. No. 3, Box 245, Troy, New York], and legally described unless otherwise stated herein, Tamarac Road, Town of Brunswick, Rensselaer County, New York.” This statement, however, does little to dispel the ambiguity indicating merely where the "described premises” are located, without defining whether that term embraces appurtenant structures.
Ambiguities in an insurance policy must be construed in favor of the insured (Sperling v Great Amer. Ind. Co., 7 NY2d 442, 450; Greaves v Public Serv. Mut. Ins. Co., 5 NY2d 120, 125). This rule is especially applicable where, as here, the ambiguity appears in a clause excluding coverage (Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co., 34 NY2d 356; Sincoff v Liberty Mut. Fire Ins. Co., 11 NY2d 386, 390-391). Since the policy was drafted by the insurer it would be unfair to deprive an insured of coverage which in view of the language of the policy was reasonably anticipated.
It should be noted also that of the 13 Judges who have grappled with this issue, six, including three from this court, have found ambiguity. Although Hartigan v Casualty Co. of Amer. (227 NY 175, 179-180), instructs that a finding of ambiguity by the lower courts does not necessitate that this court reach a similar result, one must wonder how a layman will comprehend the terms of an insurance policy, when the purportedly clear meaning has eluded so many Judges.
The order of the Appellate Division granting summary judgment to the insured property owner should be affirmed.
Judges Gabrielli, Jones and Fuchsberg concur with Judge Cooke; Judge Wachtler dissents and votes to affirm in a separate opinion in which Chief Judge Breitel and Judge Jasen concur.
Judgment appealed from and the order of the Appellate Division brought up for review reversed, etc.