The **FIDELITY AND CASUALTY COMPANY OF NEW YORK, Appellant,**

v.

**Frank SWAYZER, Jr., Appellee.**

**No. 17423.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

May 31, 1979.

Rehearing Denied June 28, 1979.

Fulbright & Jaworski, Joe W. Redden, Jr., Houston, for appellant.

Funderburk & Funderburk, Don Karotkin, Houston, for appellee.

EVANS, Justice.

The sole issue on this appeal is whether the trial court erred in holding that the defendant, Fidelity & Casualty Company of New York, was obligated to defend the plaintiff Frank Swayzer, Jr. under the terms of an automobile liability policy issued to S & B Trash Service, a partnership composed of Louis E. Brown and Frank Swayzer, Jr.

The plaintiff alleged that a prior suit had been brought against him by one Charles Wallace as a result of a motor vehicle accident; that the allegations in the prior suit were of the type covered by his liability insurance policy issued by the defendant; and that due to the defendant's refusal to retain an attorney to defend him in the prior suit, he had been required to employ his own attorney, thereby becoming obligated to pay attorneys fees and expenses in the total sum of $3,934.00. The defendant insurance company denied liability, alleging that the prior action stated only a cause of action against Swayzer as an individual and did not assert a claim against the partnership entity covered by its insurance policy. After a nonjury trial, the court entered judgment in favor of the plaintiff for the amount in suit, finding that the allegations of the plaintiff's pleading in the prior suit were of the kind for which coverage was afforded by the insurance policy.

".  .  . in determining the duty of a liability insurance company to defend a lawsuit the allegations of the complainant should be considered in the light of the policy provisions without reference to the truth or falsity of such allegations and without reference to what the parties know or believe the true facts to be or without reference to a legal determination thereof."

*Heyden Newport Chemical Corp. v. Southern General Insurance Co.,* 387 S.W.2d 22, 24 (Tex.1965).

The petition filed by Wallace in the prior action alleged that he had sustained personal injuries as a result of the negligence of the defendant, Frank E. Benjamin, an employee of the defendants, Southwest Speciality Company, Bracey E. Batson and/or Frank Swayzer. The pertinent portion of the plaintiff's petition in that case alleged

"While he (Wallace) was thus situated, Defendant, Southwest Specialty Company and or Frank Swayzer, was engaged in the course of its business of furnishing trucks and truck drivers to haul or transport cargo away from said dock. A truck owned, rented or leased by Southwest Specialty Company and/or Bracey E. Batson and/or Frank Swayzer was being driven and operated by Defendant, Frank E. Benjamin, who was at the time, an agent or employee of either Defendant, Southwest Specialty Company, Defendant, Bracey E. Batson and/or Defendant, Frank Swayzer. Defendant, Frank E. Benjamin was at all times in the course and scope of his agency or his employment with said Defendants."

The insurance policy in question imposes a duty upon the insurance company "to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent." The policy further provides, however:

"This insurance does not apply to bodily injury or property damage arising out of (1) non-owned automobile used in the conduct of any partnership or joint venture of which the insured is a partner or member and which is not designated in this policy as a named insured, or (2) if the named insured is a partnership, an automobile owned by or registered in the name of a partner thereof."

The designation of the parties who are insured is shown on the face of the policy in the following manner:

852

This designation of the "named insured" is unambiguous. It clearly shows that coverage is extended to S & B Trash Service, a partnership, and as to that firm's liability, the plaintiff would be protected in his individual capacity. However, the policy coverage did not extend to Southwest Specialty Company, and even though the plaintiff Swayzer was named individually in the policy and was, himself, a member of Southwest Specialty Company, he did not have policy coverage for that company's liability. *Hartigan v. Casualty Co. of America*, 227 N.Y. 175, 124 N.E. 789 (New York Court of Appeals 1919).

The policy provides that coverage is extended to "any partner or executive officer . . . but with respect to a non-owned automobile only while such automobile is being used in the business of the named insured." It further provides that an "insured" includes "any other person while using an owned automobile or a hired automobile with the permission of the named insured."

It is undisputed that the truck in question was not owned by the named insured S & B Trash Service and that the driver of the truck, Frank E. Benjamin, was not an employee of S & B Trash Service. It was also uncontroverted that at the time of the accident the truck was owned by Southwestern Specialty Company. The testimony negates any inference that the truck was owned or controlled by S & B Trash Service or being used in its business.

Since the contract provision designating the named insured under the policy is unambiguous and the policy coverage did not extend to the cause of action asserted in the prior suit, it was error for the trial court to hold that the insurance company was obligated to defend the plaintiff in that action.

The trial court's judgment is reversed and judgment is rendered that the plaintiff take nothing by his action against the defendant.

WALLACE and WARREN, JJ., also sitting.